UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,           Case No.:  18-cr-00633-ERK

    vs.

ALEKSANDR ZHUKOV

                Defendant
-------------------------------------------------------------------X

## DECLARATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

        Igor Litvak, an attorney duly licensed to practice law before the Courts of this State, and admitted to this Court, attorney for Defendant ALEKSANDR ZHUKOV, hereby affirms the following to be true under penalty of perjury:

1.     I was retained to represent Mr. Zhukov in November of 2018.

2.     A retainer agreement was executed on or around November 29th, 2018.

3.     I filed a Notice of Appearance on December 2nd, 2018.  Dkt. 21.

4.     As part of the retainer agreement Mr. Zhukov made an initial payment on or around the time of agreement's execution.

5.     As part of the retainer agreement Mr. Zhukov was obligated to make further payment.

6.     Another payment is due on April 1st, 2019.

7.     Recently Mr. Zhukov informed the firm that he is no longer able to afford firm's services and is unable to make any further payments as per the retainer agreement.

8.     Mr. Zhukov instructed the firm to withdraw from the case and request that the Court to appoint a CJA attorney to represent him.

9. Under Local Civil Rule 1.4 of the Rules of the United State District Courts for the Southern and Eastern Districts of New York:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the Court by order. Such an order may be granted only upon a showing by affidavit, or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any on the calendar.

10. Accordingly, "[w]hen considering whether to grant a motion to withdraw, district courts must thus analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." Blue Angel Films, Ltd v. First Look Studios, Inc., 2011 WL 672245 at *1 (S.D.N.Y. Feb. 17, 2011).

## FAILURE TO PAY ATTORNEY

11. Under Rule 1.16 (c)(5) of the New York State Rules of Professional Conduct, a lawyer may withdraw from representation when the client fails to pay legal fees. "It is well-settled that nonpayment of fees is a valid basis for the Court to grant counsel's motion to withdraw." Promotica of America, Inc. v. Johnson Grossfield, Inc. 2000 U.S. Dist. LEXIS 8594, 2000 WL 424184, *1 (S.D.N.Y. 2000), Fischer v. Biman Bangladesh Airlines, 1997 U.S. Dist. LEXIS 10405, 96 Civ. 3120, 1997 WL 411446 at *1 (S.D.N.Y. 1997).

12. The courts of New York have routinely granted motions to withdraw as counsel on the grounds of nonpayment of legal fees. See, e.g., Misek-Falkoff v. Metropolitan Tr. Auth., 65 A.D.3d 576, 883 N.Y.S.2d 722 (2d Dep't 2009); Weiss v. Spitzer, 46 A.D.3d 675, 848 N.Y.S.2d 237 (2d Dep't 2007); Winters v. Winters, 25 A.D.3d 601, 807 N.Y.S.2d 302 (2d Dep't 2006); Kay v. Kay, 245 A.D.2d 549, 666 N.Y.S.2d 728 (2d Dep't 1997); Galvano v. Galvano, 193 A.D.2d 779, 598 N.Y.S.2d 268 (2d Dep't 1993); Stephen Eldridge Realty Corp. v. Green,

174 A.D.2d 564, 570 N.Y.S.2d 677 (2d Dep't 1991).

13. In this case, because of Defendant's inability to further pay the legal services as per the retainer agreement, I respectfully request that this Court relieve me as counsel and appoint CJA Attorney to represent Defendant.

## IMPACT AND TIMING OF WITHDRAWAL

14. Defendant's arraignment took place on January 18th, 2019.

15. The case is next scheduled for a status conference on April 3rd, 2019.

16. No discovery has been provided by the government and no trial date has been set.

17. At this stage of litigation there will not be any prejudice or disruption to an existing case schedule. See Winkfield v. Kirschenbaum & Philllips, P.C., 2013 WL 371673, at *1 (S.D.N.Y. Jan 29, 2013) (when a case is not "on the verge of trial readiness, withdrawal of counsel is unlikely to cause either prejudice or such substantial disruption to the proceedings as to warrant a denial of leave to withdraw."). Courts have frequently granted motions to withdraw from cases at even late stages of litigation. See, e.g. D.E.A.R. Cinestudi S.P.A. v. Int'l Media Films, Inc., 2006 WL 1676485, at *1-2 (S.D.N.Y. June 16, 2006)(granting counsel's motion to withdraw due to fact that trial was months away); Spadola v. New York City Trans. Auth., 2002 WL 59423 at *1 (S.D.N.Y. Jan 16, 2002)(allowing counsel to withdraw where client "would not be unduly prejudiced by his counsel's withdrawal at this state of litigation.").

18. The case is in the pre-discovery stage of litigation, there will not be any prejudice to Defendant or disruption of an existing case schedule. I only represented the Defendant for approximately four months. Defendant himself requested that the firm withdraw from the case due to his inability to pay. In addition, due to the financial hardship Defendant respectfully

moves the Court for appointment of a CJA attorney or a public defender to represent the Defendant.

19. Under the circumstances, and for all of the foregoing reasons, it is respectfully requested that the Court permit me to withdraw as Defendant's attorney and appoint a public defender to represent the Defendant.

Dated: March 20th, 2019
     Brooklyn, New York

                                          Respectfully Submitted,

                                          /s/ Igor Litvak, Esq.
                                          _____
                                          Igor B Litvak
                                          The Litvak Law Firm
                                          1701 Ave P
                                          Brooklyn, NY 11229
                                          Tel: 718-989-2908
                                          Fax: 718-989-2908
                                          Email: igorblitvak@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21st, 2019 I caused to be filed a copy of the Motion to Withdraw with the Clerk of the Court via CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by CM/ECF system. In addition, I mailed a copy of this motion to Defendant Aleksandr Zhukov.

/s/ Igor Litvak, Esq.
_____
Igor B Litvak