

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AFM
F. #2016R02228

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 11, 2019

By Email and ECF

Andrew J. Frisch
One Penn Plaza, Suite 5315
New York, NY 10119

Re: United States v. Aleksandr Zhukov
Criminal Docket No. 18-633(ERK)

Dear Mr. Frisch:

Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The government also requests reciprocal discovery from the defendant.

I. The Government's Discovery

A. Documents and Tangible Objects

- ZHU000267 – Data provided by DoubleVerify regarding advertising transactions initiated by the defendant's servers.
- ZHU000268 – Records regarding a bank account in the name of Must Trade Ltd., held at Çeska Sporitelna in the Czech Republic.
- ZHU000269 – Records regarding a bank account in the name of Must Trade Ltd., held at Raffeisen Bank in the Czech Republic.
- ZHU000270 – Google browsing history for ibetters2@gmail.com
- ZHU000271 - Google search history for ibetters2@gmail.com
- ZHU000272 – Western Digital 10-TB hard drive containing the following folders:
    - 1B36_NYC025508 – Extraction of the defendant's Samsung Galaxy S8 Plus Cellphone
    - 1B37_NYC025510 - Image of the defendant's Apple Airport Time Capsule drive
    - 1B40_NYC025515 – Extraction of the defendant's Apple iPhone 4S

- o   1B41_NYC025516 – Image of the defendant's Sony 16 GB flash drive
- o   1B42_NYC025518 – Image of the defendant's EMTEC USB flash drive
- o   1B45_NYC025513 – Extraction of SIM card belonging to the defendant
- o   1B46_NYC025509 – Image of the defendant's Apple iMac computer
- o   1B47_NYC025512 – Extraction of the defendant's Fujitsu 500GB hard drive
- o   1B50_NYC025517 – Extraction of the defendant's Samsung DUOS cellphone
- o   1B54_NYC025514 – Extraction of the defendant's Apple iPhone 7 Plus
- o   1B55_NYC025511 – Extraction of the defendant's Apple iPad pro
- ZHU000273 - Western Digital 6-TB hard drive containing the following folders:
  - o   1B56 – Disk images of servers rented by the defendant and hosted by Webzilla / Servers.com
  - o   1B57 – Disk images of servers rented by the defendant and hosted by Webzilla / Servers.com
  - o   1B58 – Disk images of servers rented by the defendant and hosted by Webzilla / Servers.com
  - o   1B59 – Disk images of servers rented by the defendant and hosted by Webzilla / Servers.com
- ZHU000274 – Data relating to the defendant's Bulgarian bank accounts
- ZHU000275 – Data provided by Digital Ocean with respect to the server that formerly hosted the website centbycent.com.

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

B.   Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

C.   Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

  D.  Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.  The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

IV.  Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the

pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

    Very truly yours,

    RICHARD P. DONOGHUE  
    United States Attorney

By:   /s/ Alexander Mindlin  
    Alexander Mindlin  
    Assistant U.S. Attorney  
    (718) 254-6433

Enclosures

cc:     Clerk of the Court (ERK) (by ECF) (without enclosures)