

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

RMT:SK
F. #2016R02228

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 24, 2020

<u>By Hand and ECF</u>

The Honorable Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Aleksandr Zhukov
     <u>Criminal Docket No. 18-633 (EK)</u>

Dear Judge Komitee:

  The government respectfully submits this letter memorandum in response to the defendant's pretrial motion for early pretrial disclosures.

  The defendant is charged in a superseding indictment with four federal crimes—wire fraud conspiracy, wire fraud, money laundering conspiracy, and money laundering—for perpetrating a multimillion-dollar scheme to defraud U.S. businesses in the online digital advertising industry.  <u>See</u> ECF No. 81.  The defendant was arrested overseas on November 6, 2018, and extradited to the United States on January 18, 2019.  Trial is scheduled to begin on April 27, 2020, and is expected to last less than two weeks.

  The defendant filed a pretrial motion on February 10, 2020.[1]  In his motion, the defendant requests that the Court order the government to disclose all § 3500 material, <u>Giglio</u> material, exhibits, A-files of cooperating witnesses, and <u>Brady</u> material three weeks in

---

[1] At the time of the filing, trial was expected to begin on March 16, 2020.

advance of trial. For the reasons set forth below, such an order is unnecessary and unwarranted in this case, and the Court should therefore deny the defendant's motion.[2]

First, regarding § 3500 material, the defendant's request is premature. The government has no general duty to disclose the statements of its witnesses in advance of trial. Title 18, United States Code, Section 3500 provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). Likewise, Federal Rule of Criminal Procedure 16 expressly "does not authorize the discovery or inspection of . . . statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500." Fed. R. Crim. P. 16(a)(2). Accordingly, the government cannot be ordered to produce § 3500 material before the witness testifies on direct examination. See United States v. Coppa, 267 F.3d 132, 145 (2d Cir. 2001); United States v. Sabhnani, No. 07-CR-429, 2007 WL 2908105, at *1 (E.D.N.Y. Oct. 5, 2007) (Spatt, J.) (order denying defendant's request for early disclosure of § 3500 material because "the Jencks Act prohibits a District Court from ordering the pretrial disclosure of witness statements" (internal quotation marks omitted)).

Second, regarding Giglio material, the defendant's request is likewise premature. Giglio material "is not required to be produced before trial." United States v. Pimentel, No. 99-CR-1104, 2001 WL 185053, at *5 (E.D.N.Y. Jan. 22, 2001) (Johnson, J.). "Due process requires only that a defendant be provided with such information before it is too late for him to make beneficial use of it at trial." Id.; see United States v. Rittweger, 524 F.3d 171, 180 (2d Cir. 2008); see, e.g., United States v. Biaggi, 675 F. Supp. 790, 812 (S.D.N.Y. 1987) (denying defendant's request for early production of impeachment material where government represented that it would turn it over the day before each witness testifies); United States v. Russo, 483 F. Supp. 2d 301, 308 (S.D.N.Y. 2007) (finding sufficient the disclosure of Giglio material on the Friday before a witness is scheduled to testify); United States v. Saliba, No. 08-CR-792, 2010 WL 680986, at *4 (E.D.N.Y. Feb. 24, 2010) (Irizarry, J.) (declining to compel disclosure of Giglio material for a trial "over a month away" in light of the government's intention to disclose the material "shortly before trial."). Accordingly, courts in this circuit have repeatedly upheld the propriety of the government disclosing Giglio material simultaneously with § 3500 material. See, e.g., Pimentel, 2001 WL 185053, at *5; Biaggi, 675 F. Supp. at 812; United States v. Feldman,

---

[2] The defendant also requested permission to file additional motions during the week of February 17, 2020, after the deadline for defense motions had passed. That request is now moot.

731 F. Supp. 1189, 1200 (S.D.N.Y. 1990) (finding it "sufficient" for the government to produce impeachment material along with the § 3500 material for each government witness).

The government is aware of its § 3500 and Giglio obligations and will continue to produce such material in a timely manner in advance of trial. The government's customary practice in this district is to provide § 3500 material and Giglio material one week in advance of trial. In this case, the government has already provided § 3500 material for its expert witnesses, which constitute a significant portion of the government's case. See ECF No. 77. The government intends to provide additional § 3500 material and Giglio material for all of its witnesses two weeks in advance of trial.[3] Such disclosure will provide the defense with more than sufficient time to review and make beneficial use of the material at trial. As noted above, the trial involves only one defendant, charged with four crimes, and is expected to last less than two weeks.

Third, regarding exhibits, the defendant's request is also unwarranted. Rule 16 does not require the designation of trial exhibits within any particular timeframe. See United States v. Nachamie, 91 F. Supp. 2d 565, 570 (S.D.N.Y. 2000). Exhibits need only be disclosed sufficiently in advance to facilitate an orderly trial. See United States v. Russo, 483 F. Supp. 2d 301, 309 (S.D.N.Y. 2007). In this case, the government has already identified portions of its discovery that it intends to admit at trial—in the government's letters to the defense describing the experts' testimony, and in the government's letters to the defense providing notice of the government's intent to admit certain business records via certifications. See ECF No. 76, 77, 78. The government has also identified the bank records it intends to admit, and their associated translations, in the stipulations that the government has proposed to the defense (and to which the defense has not responded). The government has also already provided the defense with all of the final translations in its possession. The government will provide the defense with any additional final translations as they become available. The government intends to provide the remainder of its exhibits two weeks in advance of trial. Such disclosure is sufficient in light of the disclosure already made in this case and the nature and length of the trial. See, e.g., United States v. Falkowitz, 214 F. Supp. 2d 365 (S.D.N.Y. 2002) (designation of exhibits one week before trial sufficient in wire

---

[3] This is for good reason: a number of potential government witnesses are records custodians and translators whose presence will be obviated if the defendant agrees to stipulate to the admissibility of certain records. The government has proposed several stipulations, but the defense has represented that it is not yet in a position to enter into those stipulations. Providing time for the parties to negotiate and enter into such stipulations would significantly reduce the number of government witnesses at trial and, concomitantly, reduce the amount of § 3500 and Giglio material that needs to be prepared.

fraud conspiracy case); United States v. Earls, No. 03-CR-364, 2004 WL 350725 (S.D.N.Y. Feb. 25, 2004) (designation of exhibits 10 days before trial sufficient in wire fraud case).

  Fourth, regarding the A-files of cooperating witnesses, the government intends to disclose appropriate portions of the A-files of any cooperating witness as part of its § 3500 and Giglio disclosures for those witnesses. The defense has cited no rule of discovery or legal authority requiring the disclosure of the entirety of each A-file.

  Finally, regarding Brady material, the government is aware of, has complied with, and will continue to comply with its obligations under Brady. The defense requests "all Brady or Giglio material in the possession of any government agency." ECF No. 80 at 1. Such a request is inappropriate. The law is well-settled that the government's disclosure obligations extend only to the prosecution team, and not all government agencies. See Kyles v. Whitley, 514 U.S. 419, 437 (1995). The defense's request is therefore overbroad.

  For the foregoing reasons, the Court should deny the defendant's pretrial motion.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: /s/
   Saritha Komatireddy
   Michael T. Keilty
   Alexander F. Mindlin
   Assistant U.S. Attorneys
   (718) 254-7000

cc: All counsel of record (via ECF)