UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------x

UNITED STATES OF AMERICA,

        -against-

ALEKSANDR ZHUKOV,

        Defendant.

------------------------------------------x

**ORDER**
18-CR-0633(EK)

ERIC KOMITEE, United States District Judge:

    Defendant applies to dismiss the case against him, or, alternatively, for pre-trial release on bond due to the impact of the COVID-19 pandemic on the Metropolitan Detention Center ("MDC") in Brooklyn, New York. Dkt. No. 96, Def. Motion at 2. The Court has reviewed Defendant's application and held a hearing by telephone on April 9, 2020, at which both defense counsel and Mr. Zhukov himself addressed the conditions at MDC. For the reasons set forth below, the Defendant's motion is DENIED.

    Mr. Zhukov is a forty-year-old Russian citizen. He and his co-conspirators are alleged to have used sophisticated computer programming to orchestrate a digital advertising scheme that defrauded companies in the United States and elsewhere of millions of dollars. Dkt. No. 81, Superseding Indictment ¶¶ 3, 12. In January 2019, Defendant was arrested in Bulgaria and extradited to the United States, where he pleaded not guilty to

charges of wire fraud conspiracy, wire fraud, money laundering conspiracy, and money laundering. Dkt. No. 98, Gov't Opp. at 1. He is currently being held at the MDC awaiting trial. Def. Mot. at 2.

Defendant argues he should be released on bond because the measures taken by the MDC to prevent the spread of COVID-19, including restricting meetings with counsel to a limited number of telephone and video conferences, interfere with Defendant's Sixth Amendment right to counsel. *Id.* at 2-4. Defendant also contends that a subsection of the Bail Reform Act, 18 U.S.C. § 3142(i), requires his temporary release for the "preparation of [his] defense" and for his health, which he states is a "compelling reason" under the statute. Def. Mot. at 4.

When evaluating pretrial release under the Bail Reform Act, courts must generally consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including family ties, employment, length of residence in the community, and community ties; (4) and the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g)(1)-(4).

The Defendant faces serious charges. If convicted, the government estimates that he could face a Sentencing Guideline

range of 210 to 262 months.  Gov't Opp. at 4.[1]  Most importantly, Defendant is a Russian citizen with virtually no ties to New York City.  He has never lived or worked in New York, nor has he pointed to any familial or community connections in New York.  His wife lives in Russia.[2]  Indeed, defense counsel suggested that, if released on bond, Mr. Zhukov could stay at a New York City homeless shelter.  Dkt. No. 99, Def. Reply at 1.  Taken together, these factors weigh heavily against his release.

Finally, it is notable that Defendant is not among the population that the Bureau of Prisons has identified as being at high risk if infected with COVID-19 under CDC guidelines.  Indeed, Mr. Zhukov confirmed at the April 9, 2020 conference that he has no pre-existing health conditions.

Defendant's application is, as noted above, also predicated on the current difficulties arranging counsel meetings at MDC for trial-preparation purposes.  This argument would be significantly more pressing if the trial was imminent.  The trial date was, however, recently postponed to August 17, 2020, which the Court hopes and expects will allow sufficient time for

---

[1] To date, Defendant has spent approximately fourteen months in custody.

[2] Defendant's April 13, 2020 letter states that the "risk [of flight] could largely be assuaged with assistance from the government in facilitating the travel of . . . Mr. Zhukov's wife to the United States."  Dkt. No. 99, Def. Reply at 1.  Defendant asks the Court to issue an order recommending that the United States Department of State grant her a visa.  *Id.*  However, "[i]t is settled that the judiciary will not interfere with the visa-issuing process."  *Wan Shih Hsieh v. Kiley*, 569 F.2d 1179, 1181 (2d Cir. 1978).

the preparations that may currently be impeded.  If the current pandemic requires that the status quo remains in effect until late July, the defendant is of course free to file a new submission under Section 3142.[3]

In addition to his bail application, Defendant moves for dismissal of this case in its entirety.  This motion is based on the assertion that, due to the pandemic, he "would not be extradited to the United States if the request were made today." Def. Mot. at 1; *see also* Def. Reply at 2.  Defendant cites no legal authority to establish that this assertion, even if true, would be grounds for dismissal.  This request is denied.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: Brooklyn, New York
       April 14, 2020

---

[3] Trial in this case was previously scheduled for April 27, 2020, and the restrictions on counsel meetings at MDC went into effect in mid-March.  Thus, in order to restore the trial-preparation timeline to the pre-COVID status quo, the defense should be afforded another six weeks (approximately) of time after the current MDC restrictions are lifted.