

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DMP:SK
F. #2016R02228

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 17, 2020

By ECF

The Honorable Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Aleksandr Zhukov
              Criminal Docket No. 18-633 (EK)

Dear Judge Komitee:

      The government respectfully submits this letter in response to the defendant's objection to the Court's most recent exclusion of time under the Speedy Trial Act. See ECF No. 99 at 2.

I.    Legal Standards

      The Speedy Trial Act provides this Court with broad discretion to grant a "continuance on the basis of [its] findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The continuance may be made by the Court on its "own motion," "at the request of the defendant," at the request of "[the defendant's] counsel," or "at the request of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(A). The "Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." Zedner v. United States, 547 U.S. 489, 497 (2006).

      In determining whether to grant an application for a continuance on this basis, the Court must consider, among other factors, the complexity of the case, the reasonable time necessary for effective preparation by counsel, and whether failure to grant a continuance would make the proceeding impossible or result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B). The Court need not obtain the defendant's consent for such a continuance, and the defendant's consent is not among the factors the Court must consider in weighing whether the ends of justice would be served by granting a continuance. See United States v. Lynch, 726 F.3d 346, 354-56 (2d Cir. 2013).

II.  Discussion

The government notes that at the arraignment in this case, and on multiple occasions thereafter, the defendant consented to the exclusion of time under the Speedy Trial Act. See ECF Nos. 23, 30, 38, 42, 43, 46, 50, 56, 61, 82. These exclusions were found to be in the interests of justice because the case was designated a complex case, the parties were engaged in plea negotiations, and the defendant and his counsel needed time to review the discovery and prepare for trial.

The defendant lodges an objection now, for the first time, during a national emergency. His objection lacks merit: an adjournment of the trial and exclusion of time is necessary because a jury trial is unlikely to be possible on April 27, 2020. See ECF No. 97; see also United States v. Levy, No. 20-CR-087 (E.D.N.Y. Apr. 9, 2020) (Kovner, J.) (making the same finding). This is a legitimate basis for an exclusion of time under the Speedy Trial Act. See 18 U.S.C. § 3161(h)(7)(B)(i).

Moreover, the defendant's objection is at odds with his own actions. In discussing potential trial dates with the Court during the last two telephonic status conferences in this case, the defendant demurred at dates in May and early August and instead sought the later trial date of August 17, 2020. Indeed, even now, in his written submission, the defendant does not propose proceeding to trial on an earlier date. He simply lodges an objection as an academic matter or as a tactic to obtain dismissal. However, because the defendant, by his own admission, needs time to prepare for trial in this complex case, his objection rings hollow. See 18 U.S.C. § 3161(h)(7)(B)(ii) (complexity and trial preparation are bases for excluding time).

For the reasons set forth above, the government respectfully submits that the Court's most recent exclusion of time under the Speedy Trial Act is proper.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:    /s/
Saritha Komatireddy
Michael T. Keilty
Alexander F. Mindlin
Assistant U.S. Attorneys
(718) 254-7000

cc:    All counsel of record (via ECF)
       Clerk of Court (EK) (via ECF)