UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------x

UNITED STATES OF AMERICA,

        -against-

ALEKSANDR ZHUKOV,

        Defendant.

------------------------------------------x

**ORDER**
18-CR-0633(EK)

ERIC KOMITEE, United States District Judge:

    Due to the coronavirus pandemic, trial in the above action was rescheduled to August 17, 2020 from April 27, 2020. The Court excluded time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), in the interests of justice for the reasons set forth on the record at the April 9, 2020 teleconference.

    Mr. Zhukov objects to this adjournment as a violation of his right to a speedy trial. Dkt. No. 99. He argues that an adjournment is not in his best interest or that of the public because "[t]he longer he remains incarcerated the more likely he is to become infected and spread the virus to inmates and staff who live among us in New York City."[1] *Id.*

---

[1] Defendant is currently being held at the Metropolitan Detention Center awaiting trial. On April 14, 2020, the Court denied Defendant's bail application pursuant to 18 U.S.C. § 3142. Dkt. No. 100. In that order, the Court noted that Defendant is not among the population that the Bureau of Prisons has identified as being at high risk if infected with COVID-19 under CDC guidelines. *Id.*

1

Having considered these arguments, the Court continues to conclude that the adjournment of trial and the exclusion of time pursuant to the Speedy Trial Act are appropriate. Under 18 U.S.C § 3161(h)(7)(A), the Court may exclude a period of delay from the speedy-trial calculation if it finds that the interests of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. Likewise, Section 3161(h)(7)(B)(i) provides that the Court may exclude time if "the failure to grant [] a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice."

The unprecedented impact of the coronavirus pandemic on New York City would make it difficult to assemble a jury and hold trial on April 27, 2020. While New York State's action may not be formally binding on this Court, it is illustrative of the current public-health risk that the Governor recently extended the state's limitation on most gatherings through May 15, 2020. Exec. Order No. 202.18 (Apr. 16, 2020). The Chief Judge of this district recently directed that judges are "strongly encouraged" to adjourn in-person proceedings.[2] Admin. Order No. 2020-06

---

[2] On March 16, 2020, Chief Judge Mauskopf issued Administrative Order No. 2020-06, which states that the "time between March 16, 2020 and April 27, 2020 is hereby excluded under the Speedy Trial Act, 18 U.S.C. §§ 3161(a)-(c) and (h)(7)(A) in all criminal matters, as the Court finds that the ends of justice served by taking such action outweigh the interests of the parties and the public in a speedy trial and in the time in which an indictment must be filed."

2

(Mar. 16, 2020). Against the current conditions, it would not be in the public interest – or maybe even possible – to empanel a jury this month. Selecting a jury of twelve, plus alternates, would require the court to assemble a venire of at least several times that total number, in violation of virtually all applicable public-health guidance. The Court is unwilling to put citizens reporting for jury duty in harm's way under the circumstances.

Moreover, there are indications that the delay is in fact in the Defendant's interest, as well as the public's. Mr. Zhukov's counsel expressed difficulties in preparing for trial in light of the restrictions currently imposed by the Metropolitan Detention Center on in-person counsel meetings. The Court granted a continuance in part based on the defense's articulated need to spend additional time preparing for trial following the lifting of those restrictions. *See* Dkt. No. 100. Before the instant objection, the Defendant consented to earlier speedy-trial exclusions based on the same articulated need for trial preparation and the complexity of this case. *See Dkt. Nos.* 42, 46, 50.

Finally, it bears noting that at the April 9, 2020 status conference, the Court offered May 26, 2020, and an earlier August date as possible trial dates. The defense did not avail itself of the opportunity to begin trial on those earlier dates.

Therefore, the Court finds that the "ends of justice served" by adjourning trial "outweigh the interests of the parties and the public in a speedy trial."  18 U.S.C. § 3161(h)(7)(A); *see also* 18 U.S.C. § 3161(h)(7)(B)(i).

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: Brooklyn, New York
       April 21, 2020