

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| DMP:SK | *271 Cadman Plaza East* |
| F. #2016R02228 | *Brooklyn, New York 11201* |

August 19, 2020

By ECF

The Honorable Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Aleksandr Zhukov
                  Criminal Docket No. 18-633 (EK)

Dear Judge Komitee:

The government respectfully submits this letter to address issues raised at the status conference that took place earlier this week in the above-captioned matter, and in response to the defendant's renewed motions to dismiss and for bail.

I.      Adjournment of the Trial is Appropriate

The government respectfully requests an adjournment of the September 21, 2020 trial date and respectfully submits that a two-month adjournment—to November 23, 2020—is appropriate. Current limitations on the Court's ability to conduct a complex trial, the government's ability to summon witnesses without imposing a significant burden on them, and defense counsel's ability to prepare, warrant such an adjournment.

First, the United States District Court for the Eastern District of New York is still in the process of restarting in-person proceedings. The District Court has made significant progress on this front. The first in-person proceeding in the Brooklyn courthouse—a sentencing—occurred on August 7, 2020, and various in-person proceedings have occurred since that date. In order to ensure the health and safety of all participants and observers in these proceedings, the District Court has implemented extensive health and safety protocols, as set forth in Chief Judge Roslynn R. Maukopf's Revised Restrictions on Entry to Courthouses of the Eastern District of New York, Administrative Order No, 2020-22. The foregoing Administrative Order requires, among other things, that all persons entering the courthouses must comply with screening procedures, wear face coverings, and socially distance within the courthouses. Despite this significant progress, the District Court has not yet restarted jury trials in either the Brooklyn or Central Islip courthouses. It is the

government's understanding that the District Court is formulating additional procedures that will govern jury trials held during the pandemic in order to ensure the health and safety of all participants, and expects to deploy those procedures during one or more trials currently scheduled for mid-October. Accordingly, an adjournment of the trial in this case is appropriate until after the District Court has implemented these procedures. See Tr. of Aug. 17, 2020 Status Conf. at 20-21 (the Court noting that "there are reasons to believe that the administration of justice would benefit from having the first trial under those protocols be a relatively short one . . . . and the [participants in this case] could have the benefit of learning from any difficulties revealed in that first trial").

Second, although government counsel are available and willing to appear for trial at the Court's convenience, current limitations on travel impose significant burdens on several of the government's witnesses. Specifically, of the approximately 40 witnesses that the government anticipates calling at trial, at least 14 would need to travel from states that are on the New York State travel advisory list. Pursuant to the travel advisory and the District Court's screening protocols, these witnesses would need to self-quarantine for 14 days after entering New York and prior to entering the courthouse. Two additional witnesses would need to travel from the United Kingdom or Europe, which travel is currently prohibited. It is important to note that these are significant and essential witnesses, including a witness who is expected to identify the defendant, witnesses who detected the scheme and would describe its nature, and victims of the scheme.

Third, despite defense counsel stating that he wishes to proceed with trial as scheduled (or not at all), defense counsel has also made clear on multiple occasions that he is not prepared to go forward with trial in September but could be prepared to go forward with trial at a later date. See, e.g., Tr. of July 15, 2020 Status Conf. at 15 (defense counsel proposing October trial date in lieu of September); Tr. of Aug. 17, 2020 Status Conf. at 14-19 (defense counsel describing the need to spend additional time reviewing discovery, noting that he has not asked the Metropolitan Detention Center ("MDC") for any accommodations in this regard, and stating that he would do so "depending on when the trial date is"). A brief adjournment of the trial date would therefore permit counsel to accomplish various pretrial tasks while avoiding the possibility of a later claim by the defendant that his trial preparation was inappropriately curtailed.

For the foregoing reasons, a two-month adjournment of the September 21, 2020 trial date is appropriate, and the exclusion of time under the Speedy Trial Act between now and the new trial date is similarly appropriate. See 18 U.S.C. § 3161(h)(7)(B)(i) (providing for the exclusion of time where the failure to grant a continuance would make "such proceeding impossible, or result in a miscarriage of justice"); § 3161(h)(3)(A) (providing for the exclusion of "[a]ny period of delay resulting from the absence or unavailability of . . . an essential witness"); § 3161(h)(7)(B)(ii) (providing for the exclusion of time in complex cases to permit adequate preparation); see also 18 U.S.C.

2

§ 3161(h)(1)(D) (providing for the exclusion of "delay resulting from any pretrial motion, from the filing of the motion through . . . [its] prompt disposition").

II.     There Is Still No Basis to Dismiss the Indictment or Grant Bail

The defendant does not set forth any new facts or law to support his requests for dismissal and bail, which the Court previously denied. See ECF No. 100.

As set forth at length in the government's previous filings, see ECF No. 98, the defendant presents a serious flight risk, given the defendant's lack of any ties to the United States, his strong ties to family and friends in Eastern Europe, his access to funds overseas and demonstrated sophistication in engaging in international travel, the overwhelming evidence of the defendant's guilt, and the likelihood that the defendant will serve a substantial sentence. The defendant still fails to propose conditions of release that are either realistic or would be adequate to ensure the defendant's appearance: he offers no bond, no property, no sureties with moral suasion, and no explanation of how he would live in New York City, a place in which he has never lived and has no residence and no family.

The defendant argues only that the conditions at MDC have "grown worse," but provides no evidence to support this allegation. Indeed, a federal judge in this district has found otherwise. The Honorable Rachel P. Kovner recently found, after conducting a two-day evidentiary hearing, that:

> [r]ather than being indifferent to the virus, MDC officials have recognized COVID-19 as a serious threat and responded aggressively. . . . With [such aggressive] measures in place, just one MDC inmate has been hospitalized in connection with COVID-19, and none have died from the disease, even though the surrounding community has been at the epicenter of the pandemic.

Chunn v. Edge, No. 20-CV-1590 (RPK), 2020 WL 3055669, at *1 (E.D.N.Y. June 9, 2020).

It is still true, as Judge Kovner found, that MDC has had no deaths from COVID-19 among either inmates or staff. This fact is a testimony to both the lack of risk of the defendant contracting COVID-19 while in prison and to the success of the BOP's measures in controlling the spread of the disease within and among its facilities.

In sum, the defendant offers nothing to alter the Court's previous conclusion that no condition or combination of conditions of release can reasonably assure the defendant's appearance in court. Furthermore, the defendant still cites no legal authority in

3

support of outright dismissal of the case, and the government submits that there is none, and relies on its previous arguments in this regard.  See ECF No. 98.

III.     Disclosure of Section 3500 Material and Remaining Exhibits Two Weeks Before Trial is Appropriate

The government has provided extensive discovery in this case and has already designated certain exhibits that it intends to use at trial.  The government expects to provide additional exhibits on a rolling basis in advance of trial, and intends to provide the remainder of its exhibits, as well as § 3500 material, two weeks in advance of trial.  Such disclosure is appropriate and sufficient based on the law and circumstances of this case.

Regarding § 3500 material, the government has no general duty to disclose the statements of its witnesses in advance of trial.  Title 18, United States Code, Section 3500 provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."  18 U.S.C. § 3500(a).  Likewise, Federal Rule of Criminal Procedure 16 expressly "does not authorize the discovery or inspection of . . . statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500."  Fed. R. Crim. P. 16(a)(2).  Accordingly, the government cannot be ordered to produce § 3500 material before the witness testifies on direct examination.  See United States v. Coppa, 267 F.3d 132, 145 (2d Cir. 2001); United States v. Sabhnani, No. 07-CR-429, 2007 WL 2908105, at *1 (E.D.N.Y. Oct. 5, 2007) (Spatt, J.) (order denying defendant's request for early disclosure of § 3500 material because "the Jencks Act prohibits a District Court from ordering the pretrial disclosure of witness statements" (internal quotation marks omitted)).

Regarding exhibits, Rule 16 does not require the designation of trial exhibits within any particular timeframe.  See United States v. Nachamie, 91 F. Supp. 2d 565, 570 (S.D.N.Y. 2000).  Exhibits need only be disclosed sufficiently in advance to facilitate an orderly trial.  See United States v. Russo, 483 F. Supp. 2d 301, 309 (S.D.N.Y. 2007).  In this case, the government has already identified portions of its discovery that it intends to admit at trial—in the government's letters to the defense describing the experts' testimony, and in the government's letters to the defense providing notice of the government's intent to admit certain business records via certifications.  See ECF No. 76, 77, 78.  The government has also identified the bank records it intends to admit, and their associated translations, in the stipulations that the government has proposed to the defense (and to which the defense has still not agreed).  The government has also already provided the defense with all of the final translations in its possession.  The government will provide the defense with any additional final translations as they become available, and will provide the remainder of its exhibits two weeks in advance of trial.  Such disclosure is sufficient in light of the disclosures already made in this case and the nature and length of the trial.  See, e.g., United States v. Falkowitz, 214 F. Supp. 2d 365 (S.D.N.Y. 2002) (designation of exhibits one week before trial sufficient

4

in wire fraud conspiracy case); United States v. Earls, No. 03-CR-364, 2004 WL 350725 (S.D.N.Y. Feb. 25, 2004) (designation of exhibits 10 days before trial sufficient in wire fraud case).

Finally, the government has already coordinated with counsel for the Bureau of Prisons to expand the defendant's ability to review discovery at the MDC, and is continuing to work with defense counsel and counsel for the Bureau of Prisons to further facilitate the defendant's ability to review discovery and upcoming pretrial disclosures.

IV. Conclusion

For the reasons set forth above, the government respectfully requests an adjournment of the September 21, 2020 trial date, and respectfully submits that the Court should deny the defendant's renewed motions to dismiss, for bail, and for early pretrial disclosures.

Respectfully submitted,

SETH D. DUCHARME
Acting United States Attorney

By: /s/
Saritha Komatireddy
Michael T. Keilty
Alexander F. Mindlin
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of the Court (EK) (via ECF)
All counsel of record (via ECF)