Andrew J. Frisch
Partner

212-344-5400
afrisch@schlamstone.com

SCHLAM STONE & DOLAN LLP

26 Broadway, New York, NY 10004
Main: 212 344-5400   Fax: 212 344-7677
schlamstone.com

August 25, 2020

*By ECF and Email*
The Honorable Eric Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *United States v. Aleksandr Zhukov*, 18-CR-633 (EK)

Dear Judge Komitee:

On behalf of Aleksandr Zhukov in the above-referenced case, we submit this letter in further support of his motion for dismissal or, alternatively, for bond.  In addition, amplifying our pending request, we respectfully request *immediate* disclosure of 3500 material and identification of trial exhibits.

The government's opposition to Mr. Zhukov's requested relief acknowledges the various consequences to him and his defense caused by the pandemic, but proposes solutions that further the government's interests, not Mr. Zhukov's.  While we appreciate the District's efforts to recalibrate its Courthouse protocols and the government's challenges in presenting its evidence at trial, those things are not the fault of the presumptively innocent Mr. Zhukov, who is in the United States solely on its demand that it have an opportunity to prove its charges.  The roadblocks to Mr. Zhukov's preparation for trial and constitutional protections as they typically attend do not oblige him to acquiesce in his further detention while the United States figures out how it will prosecute him and others going forward; it obliges the United States to send him home for its violation of the assumptions on which he was brought here.

Reviewing discovery while in custody was impractical even before the pandemic, as we repeatedly made clear to the prosecutors and the MDC.  Even before the pandemic, the MDC's computers did not permit Zhukov ample capacity or time to review discovery; he was not able to open any large file or any excel or .txt file, nor was he permitted ample time to review discovery when he was permitted access.  The MDC expressly told counsel that the only available solution was for counsel to sit with Mr. Zhukov in the MDC visiting room with a laptop and review the material with him.  Counsel did so until March 2020 when the pandemic caused suspension of visiting.  The only conceivable substitute for counsel's pre-pandemic, in-person, multi-hour discovery-review sessions with Mr. Zhukov would be permitting him now to have his own laptop in his cell with the

government's discovery pre-installed.  While we are unaware that such an accommodation has ever before been permitted at the MDC (it was the MDC that advised counsel that Mr. Zhukov's only remedy was to review discovery with counsel on counsel's laptop in the MDC visiting room), we have requested it, but have not yet received a response.

Meanwhile, Mr. Zhukov is currently permitted out of his cell for no more than three hours per day, one hour of which he needs to devote to eating, showering and using the telephone or email to contact his family.  During lockdowns, which have not been infrequent at the MDC as of late, even that limited time is not permitted.  To review even just the discovery accessible on the MDC's computers, at two hours a day, would take Mr. Zhukov more than a year.  For the government to suggest that Mr. Zhukov or counsel are deliberately not taking appropriate steps to prepare for trial misses the mark.  If Mr. Zhukov is forced to endure yet another adjournment, he will continue to prepare as best as he can.  Given the choice of Mr. Zhukov's interests to vindicate, however, he chooses his right to a trial because in his judgment it provides his most likely and expeditious return to liberty; he *is not* seeking an adjournment of the trial scheduled for September 21, 2020, notwithstanding the ongoing violations of his rights.

As for bond, the government's opposition would be fair for a non-citizen in usual times.  But Mr. Zhukov is detained for almost two years in the United States because the United States brought him here for an opportunity to prove its charges, not because he entered illegally.  As for the government's claim that Mr. Zhukov has "access to funds overseas" that would facilitate flight [Gov't Letter at 3], the government should be required to present supporting facts; Mr. Zhukov has no such access or funds.  The government should also be required to explain how Mr. Zhukov, charged with creating a bot that replicated human Internet "clicks," and doing so from an apartment in Varna, would have the capacity of a cartel kingpin or an international arms dealer to flee from the United States without a passport; his *expired* passport is in the custody of the Russian ambassador.

Any legitimate concerns about flight can be amply addressed with electronic monitoring and confinement to a hotel room funded by the United States.  Bond would help address some of Mr. Zhukov's current constitutional deprivations and the real possibility (if not likelihood) that even a further rescheduled trial will ultimately be further rescheduled.  The government is wrong to see this requested accommodation as an extraordinary ask; what is extraordinary is keeping a foreign national detained for an alleged "click" fraud for two years while he cannot prepare for trial effectively.  The constitutional violations are already complete.

In opposing disclosure of 3500 and trial exhibits sufficiently in advance of trial to accommodate the reality of pandemic-altering norms, the government boasts that it has "provided extensive discovery in this case" [Gov't Letter at 4], which is precisely the

point.  Under the best of circumstances, Mr. Zhukov's ability to prepare for trial and review the government's gargantuan discovery would be challenging; the government gives lips service to those challenges, but defaults to pre-pandemic protocols.  Two weeks advance disclosure may be the government's usual practice in a case like Mr. Zhukov's, but there is little that is usual about his current status and the frustrating obstacles of his predicament.  The government turns a blind eye to reality and the practicalities of preparation and the trial itself in digging in its heels in support of a default protocol meant for usual times.  The government should disclose 3500 material and identify its trial exhibits *immediately* whether or not the trial is further adjourned  to facilitate preparation, avoid the need for more even delay as things move forward, assure than any rescheduled trial can actually begin as rescheduled, and so he can use his limited preparation time alone and with counsel in the way they deem most effective.  If the government believes it appropriate to default to its usual protocols, it should consent to his return home and re-extradite him when things return to usual.

Respectfully submitted,

/s/ Andrew J. Frisch

*Of Counsel:*
Abraham Rubert-Schewel
Dami Animashaun


cc:  All Counsel