

U.S. Department of Justice

United States Attorney
Eastern District of New York

SK/JAM/AFM  
F. #2016R02228

271 Cadman Plaza East
Brooklyn, New York 11201

October 16, 2020

By ECF

The Honorable Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Aleksandr Zhukov
Criminal Docket No. 18-633 (EK)

Dear Judge Komitee:

The government respectfully submits this letter in response to the defense's status report submitted to the Court by email yesterday and attached hereto as Exhibit A. The status report recounts that a member of the defense team visited the defendant at the Metropolitan Detention Center ("MDC") last week and now "declines to return to the MDC out of concern for his well-being" because he has concluded current conditions at the MDC are not suitable for reviewing the discovery in this case. The report does not provide additional details regarding the conditions that defense counsel found objectionable but notes that counsel will explain his reasons in a declaration to be filed at a later time.

The government understands that defense counsel's concern has already been raised with the MDC and is being addressed. The specific concern—that if an attorney brings a laptop to a visit, he is required to sit side-by-side with his client to look at documents and videos—was raised on defense counsel's behalf by the Federal Defenders earlier this week and discussed during a mediation call yesterday in the ongoing civil matter Federal Defenders of New York, Inc. v. Federal Bureau of Prisons ("FDNY v. BOP"), No. 19-CV-660 (E.D.N.Y. 2020). See id., ECF No. 113 at 1. This was the first time since the resumption of in-person visitation at the MDC that such a concern had been raised. In response, MDC is taking steps to rearrange the attorney visiting rooms to enable defense counsel and the defendant to review electronic discovery on a computer screen while remaining on their respective sides of the plexiglass divider in the room.

The government notes that, since MDC resumed full in-person visitation on September 10, 2020, MDC has facilitated more than 200 in-person visits. See FDNY v.

BOP, No. 19-CV-660, ECF No. 102 (filed Sept. 16, 2020) ("Over the past week, MDC has facilitated approximately 5-10 in-person visits per day"); ECF No. 107 (filed Sept. 30, 2020) ("Last week, MDC facilitated approximately six in-person visits per day"); ECF No. 112 (filed Oct. 14, 2020) (since last report, "MDC facilitated 126 in-person visits").

In addition, the government reiterates that there remain alternative means for defense counsel and the defendant to confer. MDC continues to conduct video teleconferences ("VTCs"), which can last up to two hours and permit counsel to "screen-share" with the defendant. In the event of an urgent need for a VTC or more frequent VTCs, defense counsel can write directly to MDC and they will attempt to accommodate the request. Since the last status conference in this case, MDC has facilitated more than 100 VTCs. See FDNY v. BOP, No. 19-CV-660, ECF No. 106 (filed Sept. 24, 2020) (37 VTCs completed between September 17 and September 23, 2020); ECF No. 111 (filed Oct. 8, 2020) (14 VTCs completed between September 24 and September 30, 2020; 18 VTCs completed between October 1 and October 7, 2020); ECF No. 114 (filed Oct. 16, 2020) (35 VTCs completed between October 8 and October 14, 2020).

The United States Marshals Service also remains willing to produce the defendant to the courthouse to facilitate meetings with counsel in the cellblock. See ECF No. 119. The government remains willing to assist in procuring an external monitor to enable defense counsel and the defendant to review discovery on a common screen while remaining socially distant.

Respectfully submitted,

SETH D. DuCHARME
Acting United States Attorney

By: /s/
Saritha Komatireddy
J. Artie McConnell
Alexander F. Mindlin
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of the Court (EK) (via ECF)
All counsel of record (via ECF)