UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>- AGAINST -<br><br>ALEKSANDR ZHUKOV,<br><br>DEFENDANT. | 18 Cr. 633 (EK) |

# DEFENDANT'S MOTIONS *in Limine*

Zachary Margulis-Ohnuma
Benjamin Notterman
ZMO Law PLLC
260 Madison Avenue, 17th Fl.
New York, NY
(212) 685-0999
zmo@zmolaw.com

*ATTORNEYS FOR DEFENDANT ALEKSANDR ZHUKOV*

**TABLE OF CONTENTS**

ARGUMENT ........................................................................................................1

    I.    THE GOVERNMENT SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OR ARGUMENT CHARACTERIZING MR. ZHUKOV AS THE "KING OF FRAUD." ........................................................................................1

    II.   THE GOVERNMENT'S PROFFERED CHAT WITH CO-DEFENDANT BORIS TIMOKHIN REGARDING HOW TO "MAXIMALLY DECEIVE THE USER" IS INADMISSIBLE UNDER RULES 403 AND 404 OF THE FEDERAL RULES OF EVIDENCE. ................................................................................................4

    III.  THE DOCUMENT ENTITLED "MACHINE GUN SCHEMA" IS IRRELEVANT AND OBVIOUSLY UNFAIRLY PREJUDICIAL. ..................................................5

CONCLUSION ...................................................................................................6

The government has indicated that it intends to offer into evidence hundreds of electronic messages recovered from devices seized from the apartment of defendant Aleksandr Zhukov at the time he was arrested in 2018. While we intend to object to the admission of most if not all of these messages when they are offered, we have identified three particularly unfairly prejudicial chats that are ripe for decision at this time because they are "clearly inadmissible on all potential grounds." *U.S. v. Jadusingh*, No. 18-CR-257 (KAM), 2020 WL 4261122 at * 1 (E.D.N.Y. July 24, 2020). These three exchanges with non-witnesses, devoid of context and highly prejudicial, serve no purpose except to embarrass and impugn Mr. Zhukov and thus are excludable under Rules 402, 403 and 404 of the Federal Rules of Evidence.

## ARGUMENT

**I.     The government should be precluded from offering evidence or argument characterizing Mr. Zhukov as the "King of Fraud."**

The government seeks to admit an excerpt from a Russian conversation that allegedly took place between Mr. Zhukov and a person using the alias "Terix" on the chat platform Jabber in September 2014. *See* Ex. A. As an initial matter, Mr. Zhukov does not concede that he was actually the person involved in the Jabber chat or that the government's translations of the original Russian statements are accurate. For the sake of argument on this motion, however, we will assume that the government can prove that Mr. Zhukov was in fact the person who made the statements in the conversation.

The government has provided defense counsel with the following English translation:

1

> *TERIX: are you in a lot of debt?*
>
> *TERIX: well, you'll make enough) you're Nastra, for Pete's sake*
>
> *ALEX Z: you bet! king of fraud!*
>
> *TERIX: are you gangsters? – no, we are Russians)*[1]

The government should be precluded from introducing this document into evidence. The statement "you bet! king of fraud!" is, on its face, a joke. Further, its admission would only be probative to the extent the government uses it to prove that Mr. Zhukov was, in fact, the type of person who participates in fraud, a character inference prohibited by Fed. R. Evid. R. 404(a). To the extent the comment carries any other probative value, such value is substantially outweighed by the chat's extraordinarily prejudicial effect—particularly given that Mr. Zhukov is accused of fraud. *See* Fed. R. Evid. R. 403.

The Second Circuit rejects the government's use of inflammatory nicknames in reference to criminal defendants, particularly where the nickname itself suggests the charged offense. In *U.S. v. Farmer*, the Second Circuit overturned a conviction for attempted murder in furtherance of racketeering after prosecutors referred to the defendant at trial by his nickname, which was "Murder." *U.S. v. Farmer*, 583 F.3d 131, 131, 143 (2d Cir. 2009). Permitting the government to refer to the defendant as "Murder" was reversible error because the nickname "was strongly suggestive of criminal

---

[1] Among Russian speakers, ")" generally indicates a "smiley face." *See* https://www.rbth.com/lifestyle/326858-why-russians-use-parentheses#:~:text=It's%20a%20unique%20and%20trendy,However%2C%20it%20often%20confuses%20foreigners.

2

disposition[]" and "a propensity to commit . . . crimes, including the very offenses charged in the indictment." *Id., citing* Fed. R. Evid. R. 404(a) (internal citations omitted).

To support its holding, the Second Circuit adopted the reasoning in *U.S. v. Williams*, where the court vacated a mail-fraud conviction because the prosecution elicited testimony that a witness knew the defendant as "Fast Eddie." *U.S. v. Farmer*, 583 F.3d at 145, *citing U.S. v. Williams*, 739 F.2d 297, 299-301 (7th Cir. 1984). "[T]he prosecution's only possible purpose in eliciting the testimony was to create an impression in the minds of the jurors that the defendant was known [] to be an unsavory character or even a criminal." *Id., citing U.S. v. Williams*, 739 F.2d at 300.

The charges here relate to fraud and money laundering. Admitting a conversation in which Mr. Zhukov whimsically referred to himself as the "king of fraud" will steer the jury away from actual evidence that Mr. Zhukov did or did not commit fraud and "invite[] the jurors to infer that the defendant had earned the nickname among his gang colleagues as a result of his proclivity to commit" fraud, "an inference corroborated by the government's evidence that he had yielded to that proclivity in the particular instances being tried. This is precisely what Rule 404(a) was designed to prevent." *Id.* at 146-47.

The nickname in this case is arguably even more inflammatory than in *Farmer*, where the defendant was nicknamed "Murder"; the government would refer to Mr. Zhukov not merely as "Fraud," but as "the *king* of fraud." And it is far more unfairly prejudicial than the nickname in *Williams*, as calling Mr. Zhukov the "king of fraud" is far more suggestive of fraud than calling the defendant "Fast Eddie," which provoked the court to overturn the defendant's fraud conviction. *U.S. v. Williams*, 739 F.2d at 299-301. Finally,

3

"king of fraud" has less probative value than the nicknames in *Farmer* and *Williams* because there is no evidence that anybody (other than perhaps Mr. Zhukov) actually referred to Mr. Zhukov as the "king of fraud."

In addition, the next comment by Terix—which is inadmissible hearsay by an unknown declarant—also is devoid of any arguable probative value. Terix's statement "are you gangsters? – no, we are Russians )" is unfairly prejudicial and therefore inadmissible under Rule 403. The comment can only be read rhetorically, as equating gangsters with Russians, and Mr. Zhukov is Russian. It thus adds nothing of probative value while insinuating that Mr. Zhukov is more prone to crime because he is Russian.

**II.    The government's proffered chat with co-defendant Boris Timokhin regarding how to "maximally deceive the user" is inadmissible under Rules 403 and 404 of the Federal Rules of Evidence.**

The government has advised defense counsel that it will seek to admit a photograph of phone screen with a chat between Mr. Zhukov and co-defendant Boris Timokhin. *See* Ex. B. As translated by the government and provided to defense counsel, the conversation reads as follows:

> ALEXANDR: Here is what I wrote to Sveta today … We should always keep this thought in mind while developing and perfecting our system – "We need to have a system of maximum intelligence to maximally deceive the user regarding the extent of control he has over the world of circumstances."
>
> TIMOKHIN BORIS: ☺ Beautiful. Is this a quote or did you come up with it?
>
> ALEXANDR: This is a motto of the project ! ))
>
> TIMOKHIN BORIS: ☺ )) internal

4

> ALEKSANDR: Just during a routine exchange it just accidently wrote itself so beautifully

The proposed government exhibit contains no time stamp or additional context. We expect to offer witness testimony to show that the conversation took place prior to the charged conspiracy and has no connection to the charged conduct—or to any other illegal conduct. The conversation is inadmissible to show that Mr. Zhukov has a deceitful character, *see* Fed. R. Evid. R. 404(a)(1), nor does it appear to relate to any particular prior bad act that the government has provided notice for under Rule 404(b) of the Federal Rules of Evidence.

Further, any probative value the government ascribes to these statements is substantially outweighed by the "the danger of . . . unfair prejudice . . . misleading the jury . . . [and] wasting time." Fed. R. Evid. R. 403. A statement by Mr. Zhukov about trying to "maximally deceive the user" on a prior occasion, unrelated to the instant offense and without referencing a particular act, will only tempt the jury to conclude that Mr. Zhukov has bad character and therefore must have committed the crime alleged in the indictment. The government should not be permitted to suggest such an inference under Rule 404.

**III.    The document entitled "machine gun schema" is irrelevant and obviously unfairly prejudicial.**

The government has advised defense counsel that it seeks to admit an undated, stand-alone text document that reads "machine gun schema," followed by seemingly random computer terminology and equations. *See* Ex. C. There is no indication of who wrote the document, where the document came from, or what the document means. Counsel for the government has advised the defense that the document is part of a

5

production from Apple, Inc., which it seeks to link to Mr. Zhukov through a business records certification and not via live testimony. Since the business records certification is testimonial, and the document standing alone is not linked to Mr. Zhukov, the government is unlikely to be able to lay a foundation to admit it into evidence.

Mr. Zhukov is accused of fraud and money laundering, not crimes involving guns or violence. Mr. Zhukov has never been accused of a violent crime and has no violence in his background. If the government proves that Mr. Zhukov authored this document and that its contents are an admission, allowing it into evidence will unduly prejudice Mr. Zhukov because the term "machine gun schema" suggests that Mr. Zhukov was planning something violent. If the term "machine gun schema" has a probative non-literal meaning, it would be substantially outweighed by the risk of unfair prejudice. Even if authenticated, the "Machine Gun Schema" should be precluded pursuant to Fed. R. Evid. R. 403.

## CONCLUSION

For the reasons set forth above, the Court should ORDER that the government may not offer evidence referring to Mr. Zhukov as the King of Fraud, claiming that he "maximally deceive[d] the user" or authored a "Machine Gun Schema."

Dated: January 6, 2021
New York, New York

Respectfully submitted,
ZMO Law PLLC

By: __/s_____
    Zachary Margulis-Ohnuma
    Benjamin Notterman
    260 Madison Avenue, 17th Fl.
    New York, NY 10016
    (212) 685-0999