```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

UNITED STATES OF AMERICA,
                                                            ORDER
        -against-                                        18-CR-633(EK)

ALEKSANDR ZHUKOV,

                Defendant.

----------------------------------------x
```

ERIC KOMITEE, United States District Judge:

At the January 11 status conference in this case, the Court adjourned trial *sua sponte* to April 12, 2021, and further extended the exclusion of time under the Speedy Trial Act for the period February 16, 2021 through April 12, 2021.  The Court found the exclusion to be in the interests of justice and appropriate for the reasons enumerated on the record at the status conference.  This Order reiterates those reasons, and also notes that the adjournment and exclusion are further supported by the new (but anticipated) administrative order of the Chief Judge of this District issued on January 14, 2021.

The Speedy Trial Act allows the Court to exclude from the speedy-trial calculation a "period of delay resulting from a continuance granted by [a] judge on his own motion . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy

1

trial." 18 U.S.C. § 3161(h)(7)(A). To grant such a continuance, the Court must consider, among other non-exhaustive factors, "[w]hether the failure to grant [] a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i).

It was clear on January 11 that it would be virtually impossible to conduct a trial in February. At the conference, the Court cited the significant upward trend in coronavirus cases and deaths in New York. The rate of fatalities in New York State ranged between 148 and 197 per day over the week prior to January 11; there were seventy-three fatalities in New York City on January 11, up from forty just seven days earlier.[1] Given this, it would have been extraordinarily difficult and dangerous to assemble a jury in February.

In addition, trial in this case is expected to last at least two weeks with up to forty-five witnesses, approximately twenty-two of whom will be traveling from out of state or abroad. Transcript of Jan. 6, 2021 Status Conference 13:18-21. Given the spike in COVID infection and fatality rates, the Court declined to relieve the government's witnesses of the obligation

---

[1] New York Coronavirus Map and Case Count, N.Y. TIMES, https://www.nytimes.com/interactive/2020/us/new-york-coronavirus-cases.html (last visited Jan. 15, 2021); New York City Coronavirus Map and Case Count, N.Y. TIMES, https://www.nytimes.com/interactive/2020/nyregion/new-york-city-coronavirus-cases.html (last visited Jan. 15, 2021).

2

to comply with the entry protocols for the Eastern District of New York's courthouse, which were put in place in consultation with an epidemiological professional.  Even if the government could arrange for its witnesses to comply with such protocols, holding a trial of this length and complexity would pose health and safety risks for all involved, including jurors, witnesses, interpreters, courthouse staff, lawyers and others.

The Court cited other factors in support of the continuance.  Defense counsel informed the Court at the conference that it planned to file a motion to suppress and would seek an evidentiary hearing on the suppression issue prior to trial.  The continuance will give the Court the time necessary to consider this request and the other pending motions *in limine*.  The Court also noted that former defense counsel moved to withdraw from the case in October 2020, just prior to the then-scheduled November 23 trial date.  In addition, this case has been designated "complex" due to the voluminous digital discovery involved.  18 U.S.C. § 3161(h)(7)(B)(ii).

Finally, the Court discussed the rollout of vaccinations.  The Court is hopeful that, in light of the ongoing vaccination effort, the continuance will allow for greater certainty and safety for all concerned.  The government also indicated that a delayed trial date would make it more likely that one of its essential witnesses — a Bulgarian

3

government official — would be able to testify in person, if he is vaccinated.

The Chief Judge's subsequent administrative order only reinforces the Court's conclusions. On January 14, the Chief Judge extended the suspension of all in-person proceedings, including trials, through March 1, 2021. Administrative Order No. 2020-26-2 (extending Administrative Order No. 2020-26 (Nov. 24, 2020)). The order finds that

> [t]he COVID-19 pandemic has had and continues to have an extraordinary impact on the Eastern District of New York and the operations of this Court. The incidence of COVID-19 cases both nationally and throughout the Eastern District of New York and the surrounding metropolitan area has continued to increase. Although distribution of the COVID-19 vaccine has begun, it will not be widely available for at least several weeks.

Administrative Order No. 2020-26-2. It also "extend[s] all provisions of Administrative Order 2020-26," which excluded time under the Speedy Trial Act for the following reasons:

> the impact of worsening local and national conditions, and the upward trend in cases and hospitalizations in this District on the ability to summon an adequate and representative spectrum of jurors; the increased risk to litigants, defendants, counsel, witnesses, court personnel, and members of the pubic to safely travel to and assemble in court; and the need to limit the size of gatherings and in-person proceedings in the interest of safety.

Administrative Order No. 2020-26 ¶ 2. Given this order, trial on the previous schedule would have been impossible, in any event.

4

Therefore, for the reasons stated, the Court finds that the ends of justice served by excluding time through April 12, 2021 outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).

SO ORDERED.

_/s Eric Komitee_____
ERIC KOMITEE
United States District Judge

Dated:    January 15, 2021
          Brooklyn, New York