# ZMO Law PLLC

April 30, 2021

*Via ECF and email*

Hon. Eric Komitee
Eastern District of New York
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

     RE: *U.S. v. Aleksandr Zhukov*, 18 Cr. 633

Dear Judge Komitee:

This office represents the defendant Aleksandr Zhukov in the above-captioned matter. We write to move *in limine* for an order directing the government's witnesses not to characterize any particular conduct as "fraud" in their testimony. We have raised this issue with the government and have been advised that they "are not going to instruct our witnesses across the board to never say the word fraud."

*Background*

Counts One and Two of the indictment in this case charge a conspiracy and a scheme to commit wire fraud based on allegations that Mr. Zhukov ran a company selling machine-generated internet ad traffic but misrepresented to buyers of the traffic that it was coming from computers that "belonged to real human internet users in homes and businesses around the country, rather than being located in commercial datacenters." ECF No. 81: Superseding Indictment at 5. Counts Three and Four allege money laundering and engaging in prohibited monetary transactions with the proceeds of the fraud alleged in the first two counts. Thus, the entire case turns on whether Mr. Zhukov committed fraud.

The government has indicated it intends to call multiple witnesses from internet security companies who characterize their business as detecting "fraud." These witnesses use the term fraud in variety of ways and in a variety of contexts, some of which may overlap with the legal definition of fraud, but many of which do not. These witnesses are not attorneys but it appears that the government may seek to qualify some of them as experts.

On April 27, 2021, I wrote an email to the government expressing a concern that the government witnesses might use the terms "fraud" or "ad fraud" to refer to what many in the industry characterize as "invalid traffic" or "IVT." I suggested that witnesses should be prepared not to use the term "fraud" when giving factual testimony. The government asked

260 Madison Avenue, 17th Floor • New York, NY 10016
(212) 685-0999 • info@zmolaw.com
www.zmolaw.com

ZMO Law PLLC

for case law supporting my position, which I provided. The government has not responded further. We now move to preclude government witnesses from using the word "fraud" to characterize conduct in this fraud trial.

*Argument*

**Testimony characterizing conduct as "fraud" or "fraudulent" is inadmissible because it embraces a legal conclusion and is unfairly prejudicial.**

This is a fraud trial where the defendant is accused of wire fraud. The Court will provide the jury with a detailed definition of fraud which is solely in their province to apply. While security companies might believe they are rooting out "fraud," they use their own definitions of what constitutes fraud, which are often quite complex as well. In this trial, the witnesses can describe the conduct and their perceptions and observations without using the legal term that the defendant is on trial for. To avoid repeated objections, motions to strike testimony, needless cross-examination, and unfair prejudice to the defendant, we ask that the Court direct the government to instruct its witnesses not to use the term "fraud" when they characterize activity or conduct they observed or in giving opinion testimony.

"[N]either expert nor lay witnesses may 'present testimony in the form of legal conclusions.'" *Davis v. City of New York*, 959 F. Supp. 2d 427, 435 (S.D.N.Y. 2013) (quoting *Cameron v. City of New York*, 598 F.3d 50, 62, f.n. 5 (2d Cir. 2010). "A witness offers an opinion on a legal conclusion when he or she attempts to define the defendant's conduct as illegal or compare the defendant's conduct to statutory language." *U.S. v. Walsh*, No. 15-CR-91 (ADS), 2016 WL 6603187, at *11 (E.D.N.Y. Nov. 7, 2016) (citing *U.S. v. Groysman*, 766 F.3d 147, 162 (2d Cir. 2014) (government agent gave impermissible opinion testimony when he testified as to the defendant's role in the fraud scheme and ultimate culpability)).

In *U.S. v. Scop*, the Second Circuit found reversible error where the district court admitted testimony characterizing a defendant's conduct as "fraud" and a "scheme to defraud" and "manipulation." *U.S. v. Scop*, 846 F.2d 135, 138-140 (2d Cir. 1988). This testimony embraced "legal conclusions that were highly prejudicial" and "calculated to invade the province of the court to determine the applicable law and to instruct the jury as to that law." *Id.* at 140. The court distinguished between permissibly describing conduct in factual terms and impermissibly drawing legal conclusions:

> Had Whitten merely testified that controlled buying and selling of the kind alleged here can create artificial price levels to lure outside investors, no sustainable objection could have been made. Instead, however, Whitten made no

ZMO Law PLLC

> attempt to couch the opinion testimony at issue in even conclusory factual statements but drew directly upon the language of the statute and accompanying regulations concerning "manipulation" and "fraud".

Although the witness in *Scop* was an expert, the court applied principles articulated in the Advisory Committee's Notes that apply to both "lay and expert" opinions. *Id.* at 139. Indeed, "the impropriety of allowing a lay witness to testify in the form of a legal conclusion is all the clearer." *Davis v. City of New York*, 959 F. Supp. 2d at 435, n. 30 (citing *Cameron v. City of New York*, 598 F.3d at 62 & f.n. 5). Further, "'a [lay] witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge.'" *Id.* (quoting Fed. R. Evid. 701 Advisory Committee Note (2000)).

These same principles apply to any conceivable use of the word "fraud" by the government's witness's here. It is both prejudicial and unnecessary for government witnesses to use "fraud" or "fraudulent" in their testimony. These witnesses can refer to IVT or non-human traffic. They can claim they were tricked or fooled by such traffic. But for them to refer to the traffic as "fraudulent" or to the defendant's (or others') conduct as "fraud" would invade the province of the jury and is thus barred by Rules 403, 701 and 702 of the Federal Rules of Evidence.

## *Conclusion*

In order to avoid needless objections and cross-examination at trial, as well as unfair prejudice to the defendant, the Court should ORDER the government to instruct its witnesses not to use the words "fraud" or "fraudulent" in their testimony.

Very truly yours,

ZMO Law PLLC

By: *Zachary Margulis-Ohnuma*

Zachary Margulis-Ohnuma

CC: All Counsel (via email and ECF)