# ZMO Law PLLC

May 6, 2021

*Via Email and* ECF

Hon. Eric Komitee
Eastern District of New York
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE: *U.S. v. Aleksandr Zhukov*, 18 Cr. 633 (EK)

Dear Judge Komitee:

This office represents Aleksandr Zhukov in the above-captioned matter which is currently on trial. I write in advance of today's session to advise the Court of three exhibits the defense wishes to offer during the testimony of Kostyantin Bezruchenko who is currently on cross-examination.

The exhibits consist of chats between Mr. Zhukov and Bezruchenko's partner in Webzilla, Alexey Gubarev. The chats clearly demonstrate that Webzilla was aware that Mr. Zhukov was using their servers to generate non-human internet traffic. Although Mr. Gubarev expressed some concern about what Mr. Zhukov was doing, the fact that Webzilla ultimately agreed to lease the servers knwing they were used for bot traffic supports our central argument that Mr. Zhukov acted openly and without criminal intent.

The key quotations from the chats are as follows. On November 9, 2014, well before Mr. Zhukov rented the servers, he wrote to Mr. Bezruchenko's partner:

> **we have a great server bot that works with low quality traffic.. advertisers know it, no cheating and no scam .. the scheme is simple.. we take the server and a bunch of proxies and charge the bot .. half a buck form 1 k of clicks.. the bot is coded on erlang that's why it's mega productive.. if there**

260 Madison Avenue, 17th Floor • New York, NY 10016
(212) 685-0999 • info@zmolaw.com
www.zmolaw.com

ZMO Law PLLC

> is a solution with a large number of IPs, I'm even ready to discuss partnership.[1]

On October 16, 2015, just as Mr. Zhukov was working with Mr. Bezruchenko to increase the number of IP addresses attached to the Webzilla servers, he had the following exchange with Mr. Bezruchenko's partner:

> **Gubarev: what will happen to it? video advert market is just starting to gain popularity**
>
> **Zhukov: this is for video advertising**
>
> **Zhukov: prerolls**
>
> **Zhukov: if you want we can show your hosting to millions of users: D**
>
> **Zhukov: not expensive)))**[2]
>
> **Gubarev: Ha**
>
> **Gubarev: which no one will see? :)**
>
> **Gubarev: efficiency is small :)**
>
> **Zhukov: how do you know? ;) in statistics, everything will be sweet;)**
>
> **Gubarev: Ha**

On November 11, 2015, just as Mr. Bezruchenko was assisting Mr. Zhukov in altering the listed hosting providers for the IP addresses used for the non-human ad traffic, Mr. Zhukov had the following exchange with his partner, Mr. Gubarev:

---

[1] Note that the original conversation was in Russian and this translation was prepared by the government. We may change it before asking the witness if it is accurate.
[2] Parentheses indicate smiley faces in Russian-language chats.

ZMO Law PLLC

> **Zhukov: so that at least the Internet is in my hands .. almost like some small staff, only my own)))**
>
> **Gubarev: loOK carefully .)**
>
> **Zhukov: I don't see a problem at all)**
>
> **Zhukov: I don't have a botnet .. my IP, my software solution .. where is the crime? ;)**
>
> **Gubarev: Well, see for yourself .)**

We respectfully submit that these chats are admissible.

There is no issue as to their authenticity because they are excerpts of large chats provided by the government.[3]

Moreover, the chats are non-hearsay because we are not offering them for their truth and would agree to an appropriate limiting instruction and scrupulously avoid relying on them for the truth of the matters asserted. Rather, we offer them to show the state of minds of both the declarant and the recipient of the communication. Mr. Zhukov's state of mind, of course, is the crucial issue in this case and these contemporaneous statements reveal that he believed that advertisers were aware that his traffic was bots and that he believed that there was no crime committed because he was using his own IP addresses (rather than hacking into victims' computers) and his own software solution.

In addition, the chats reveal that Webzilla *knew* that Zhukov was using their service to host "video advertising prerolls…which no one will see." Accordingly, they are admissible as non-hearsay circumstantial evidence of Zhukov's state of mind and the state of mind of the Webzilla executives, including the witness now testifying. "Where, as here, the statement is offered as circumstantial evidence of [a person's] state of mind, it does not fall within the definition given by Rule 801(c); because it was not offered to prove the truth of the matter asserted." *U.S. v. Detrich*, 865 F.2d 17, 21 (2d Cir. 1988).

The chats are also essential to Mr. Zhukov's ability to meaningfully impeach Mr. Bezruchenko, who is currently on cross examination. While I did not specifically get to the point yesterday, the direct testimony suggested that Bezruchenko will deny that Webzilla

---

[3] At 6:10 a.m. this morning, I emailed the government a spreadsheet with full chats from the respective days between Gubarev and Zhukov along with a citation to the discovery bates number they were extracted from so the government would have an opportunity to verify their authenticity before court.

ZMO Law PLLC

knew that Mr. Zhukov was using their servers to generate bot traffic at a large scale until it became public in December 2016. That testimony is contradicted by the chats. They should be admitted now so that I can confront Mr. Bezruchenko with them, rather than inefficiently recalling him after Mr. Zhukov testifies. Again, the defense concedes a limiting instruction would be appropriate so that the jury is clear that the chats cannot be considered as proof of the matters asserted, but only of Mr. Zhukov and Webzilla's beliefs.

Accordingly, the chats described above are admissible for a limited, non-hearsay purpose and the defense should be allowed to offer them in connection with Mr. Berzuchenko's cross examination.

Thank you for your attention to this case.

Very truly yours,

*Zachary Margulis-Ohnuma*

Zachary Margulis-Ohnuma

CC: All Counsel