

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DMP:SK
F. #2016R02228

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 6, 2021

<u>By ECF</u>

The Honorable Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    <u>United States v. Aleksandr Zhukov</u>
                <u>Criminal Docket No. 18-633 (S-1) (EK)</u>

Dear Judge Komitee:

      Earlier this morning, the defense notified the government that, during its cross-examination of Mr. Bezruchenko, it intends to introduce into evidence three exhibits that consist of conversations on Jabber between the defendant and the former CEO of Mr. Bezruchenko's company. The government objects to the introduction of these exhibits and writes to explain its objections.

      First, Mr. Bezruchenko was not party to these conversations and is likely unaware of them. The Russian language conversations are therefore inadmissible for lack of authentication.

      Second, the proffered defense exhibits contain translations from Russian to English. The government does not know the provenance of these translations and they do not match the translations that the government has obtained and produced in discovery. It is unclear whether Mr. Bezruchenko would testify that the defense's translations are fair and accurate. The English translations are therefore inadmissible for lack of authentication.

      The defense will undoubtedly note that the government produced the original Russian Jabber chats in discovery. However, the defense has not stipulated to the authenticity of the Jabber and Skype conversations in this case and has instead insisted that the government call witnesses to identify each chat pulled from the defendant's computer and authenticate it. The government has prepared its case to include the testimony of such witnesses, who will meticulously authenticate each of the chats that the government intends to introduce into evidence. In addition, the defense has refused to stipulate to the English

translation of Russian-language documents in this case. Accordingly, the government has also prepared its case to include the testimony of two Russian-language translator, who will authenticate the translations that the government intends to introduce into evidence.

The rules of evidence apply equally to the government and the defense. The government does not stipulate to the authenticity of the proffered Russian-language Jabber chats or the defense's proffered English translations of those chats. There is no injustice in applying the rules of evidence equally and fairly to both sides. The defense has everything it needs to address issues of authenticity themselves: imaged copies of the defendant's electronic devices were produced years ago in discovery, and the defendant has both a computer expert and a Russian-language speaker on the defense team.

Third, the defendant's statements, when introduced by the defense, constitute inadmissible hearsay. See United States v. Marin, 669 F.2d 73, 84 (2d Cir. 1982); see also United States v. Cooper, No. 19-CR-159 (ARR), 2019 WL 5394622, at *6 ("[T]he rule against hearsay would bar [a defendant] from introducing his own out-of-court statements offered to prove the truth of the matter asserted."). Furthermore, the state-of-mind exception does not apply. Fed. R. Evid. 803(3). Were the state-of-mind exception to cover all statements of the defendant during the course of the fraud, the exception would swallow the rule in every fraud case, and the defendant would, in effect, be permitted to testify without being subject to cross-examination. See United States v. Gupta, 747 F.3d 111, 138-39 (2d Cir. 2014); United States v. Kaylor, No. 2019 WL 5188950, at *8 (E.D.N.Y. Oct. 15, 2019) (noting that emails from the defendant were inadmissible hearsay and none of the emails at

issue "suggest that Defendant did not fully understand the subject fraud of which she was a willing and knowledgeable participant").[1]

Therefore, the government objects on grounds of authenticity, lack of foundation, lack of personal knowledge, and hearsay.

Respectfully submitted,

MARK J. LESKO
Acting United States Attorney

By:    /s/ Saritha Komatireddy
Saritha Komatireddy
Artie McConnell
Alexander F. Mindlin
Assistant U.S. Attorneys
(718) 254-7000

cc:   Clerk of the Court (EK) (via ECF)
     All counsel of record (via ECF)

---

[1] Mr. Bezruchenko was not party to these conversations and therefore they cannot be evidence of his state-of-mind.