

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SK/JAM/AFM
F. #2016R02228

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 10, 2021

By ECF

The Honorable Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Aleksandr Zhukov
              Criminal Docket No. 18-633 (S-1) (EK)

Dear Judge Komitee:

      The government writes to request that the Court preclude defense counsel from cross-examining Victor Dimitrov today regarding his March 6, 2021 affidavit (the "Affidavit"), because any such testimony would be irrelevant and would confuse the issues and mislead the jury, see Fed. R. Evid. 403.  In addition, testimony about the Affidavit would not be probative of Mr. Dimitrov's character for truthfulness, see Fed. R. Evid. 608(b).

    **A.**  **Background**

      As the Court is aware, on March 6, 2021 Mr. Dimitrov signed an affidavit stating, in relevant part: "I did not receive a list of suggested questions from U.S. officials and did not rely on any such list in speaking with Zhukov during the search."  ECF No. 249  The government subsequently learned that FBI Legat Jack Liao had in fact forwarded to Mr. Dimitrov an email on November 5, 2018 bearing the words "for printing."  April 14, 2021 Suppression Hearing, GX 3, 3A.  Attached to that email were documents for the FBI's use in interviewing the defendant, including a list of questions.  Id.

      At the April 14, 2021 suppression hearing in this case, Mr. Dimitrov testified, in substance, that he had no recollection of receiving the email, that he did not refer to the list of questions in speaking with the defendant, and that in his present understanding, Liao's email was merely a request for Dimitrov to have certain item printed.  Dimitrov also testified that he had searched his old messages prior to signing the Affidavit but had not turned up Legat Liao's email.  See Transcript of April 14, 2021 Suppression Hearing ("Tr.") 25-27.

The Court, in its subsequent opinion denying the defendant's motion to suppress, found that Legat Liao did not send Inspector Dimitrov questions for Dimitrov to ask the defendant. See May 3, 2021 Memorandum and Order at 14, ECF No. 298 ("The contemporaneous email record reflects that the only questions shared by one side with the other were 'for printing,' . . . and in any event those questions (a) contained *Miranda* warnings right up front and (b) did not contain the question at issue here, or any near facsimile.")

### B. Argument

Federal Rule of Evidence 608 governs the admissibility of specific instances of a witness's conduct in order to attack his character for truthfulness. The Court "may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of [] the witness." Fed. R. Evid. 608(b).

The Affidavit is not probative of Mr. Dimitrov's "character for truthfulness or untruthfulness." As a threshold matter, Dimitrov's statement in the Affidavit was a mistake, not a lie. Based on his memory and after checking the records available to him, he did not believe that he had "receive[d] a list of suggested questions from U.S. officials." Upon being shown the email, he acknowledged that he had. Dimitrov's failure to remember that email three years later does not impugn his character for truthfulness.

A lengthy colloquy about the Affidavit, along with the subsequently necessary redirect examination, is likely to confuse the issues and mislead the jury, and this testimony would therefore violate Rule 403. If defense counsel examines Mr. Dimitrov about the Affidavit, he will likely do so at a high level of generality, evading the specifics—because a detailed discussion of the facts would reveal to the jury the essentially technical nature of Dimitrov's error.

Then, on redirect, in order to rehabilitate Dimitrov's credibility and put his mistake into perspective, the government will have to bring out the specific technical context that the defense elided—eliciting testimony about the email that Legat Liao sent, about, the fact that it said "for printing," about the precise language of Dimitrov's later denial that he received a list of "suggested questions," and a host of other factual matters that are unrelated to the issues to be decided in this trial. None of this will do anything to elucidate the facts at issue, nor will the jury be better equipped to evaluate Dimitrov's credibility as a witness. To the contrary, the jury will be drawn into a confusing sideshow. The Court can and should avert that result. See Fed. R. Evid. 611 (Court should "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment).

The government therefore respectfully submits that the Court should preclude cross-examination about the Affidavit. The government also renews its motion to preclude the defense from eliciting the facts or existence of the FBI's post-arrest interview.

Respectfully submitted,

MARK J. LESKO
Acting United States Attorney

By:    /s/ Saritha Komatireddy
Saritha Komatireddy
Artie McConnell
Alexander F. Mindlin
Assistant U.S. Attorneys
(718) 254-7000

cc:    Clerk of the Court (EK) (via ECF)
All counsel of record (via ECF)

3