

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DMP:SK
F. #2016R02228

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 13, 2021

By ECF

The Honorable Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Aleksandr Zhukov
     Criminal Docket No. 18-633 (S-1) (EK)

Dear Judge Komitee:

  The government respectfully submits this letter in further support of its argument that GX 1677TE is admissible at trial.

  GX 1677TE is a Skype chat between the defendant and one of his associates regarding the new "bot" that the defendant was creating. In the chat, the defendant described his vision of the bot's function in detail. The defendant stated that "by the next weekend I'll have a demo version of the bot emulating human behavior on site" and said he intended to "teach that bot to do everything ▯ register emails, fill out forms, click confirmations in the emails … maybe even retrieve cards and do shopping." In describing his motivation to create the bot, the defendant wrote: "It's simple. While I was drinking I realized that I need money ASAP ) and since I am an experienced scam artist/adventurer, I immediately started thinking about how I could screw everyone one more time ) and I succeeded )."

  There is no question that GX 1677TE is highly relevant because it is evidence that the defendant committed the fraud and it speaks directly to the defendant's motive and intent to commit fraud. See Fed. R Evid. 402, 403. In the chat, the defendant makes his motive clear: to get "money ASAP." The defendant also admits that his intent was to "screw everyone," which directly contradicts the defendant's main claim throughout trial—that he allegedly had non-fraudulent purposes for creating the bot. The defendant's intent is underscored by his self-characterization as an "experienced scam artist/adventurer," which further shows that the reason he created the bot was not to offer some lawful service to the public, but to "scam" people.

The defendant's objection to GX 1677TE boils down to the defendant's belief that the chat is <u>too</u> probative of his intent to defraud. But the fact that the exhibit includes damning evidence of the defendant's motive and intent does not make it <u>unfairly</u> probative or prejudicial. On the contrary, the exhibit is highly relevant. Courts have repeatedly held that where a defendant's characterization of himself goes directly to motive, intent, or some other element of the crime, the defendant's self-characterization is admissible and is not improper character evidence or unduly prejudicial.

For example, in <u>Blair v. Palmer</u>, No. 13-CV-10758, 2014 WL 1746099, at *1 (E.D. Mich. Apr. 30, 2014), for example, the defendant was convicted of murdering a man who left a party with the defendant's girlfriend. On habeas review, the district court considered whether the trial court abused its discretion in admitting the defendant's recorded telephone call during which he called himself a "jealous f—ker." <u>Id.</u> at *7. Despite noting that the "material question is whether the statement should have been excluded under [Rule 403]," the court found that the statement "was relevant to an understanding of the jealous mind expressed by defendant" and that "any character implications arising from the nature of the language used by defendant to describe his jealously were minimal." <u>Id.</u>

In <u>United States v. Hill</u>, the Second Circuit found that where the defendant was charged with murder, the nickname "gun man" was not prejudicial character evidence. 658 F. App'x 600, 604 (2d Cir. 2016). According to the Court, even if a "nickname is strongly suggestive of a criminal disposition, and a propensity to commit particularly heinous crimes, including the very offenses charged in the indictment," admitting the nickname itself in at trial was not prejudicial. <u>Id.</u> The Court explained that, prejudice, if any, would come in the form of "gratuitous invocation of the nickname in . . . address[ing] . . . the jury" and not from admitting the nickname itself at trial. <u>Id.</u>; see also <u>Miles v. Jordan</u>, 988 F.3d 916, 930 (6th Cir. 2021) (referencing defendant's nickname "Old Gangsta" was not unduly prejudicial in a murder trial); <u>Guang Ju Lin v. United States</u>, No. 13-CV-7498, 2014 WL 2765078, at *7 (S.D.N.Y. June 18, 2014) (referencing the defendant's nickname "boss" was "not some inflammatory nickname: it is, according to the trial record, a title that reflects Lin's role in the racketeering enterprise."); <u>United States v. Price</u>, 443 F. App'x 576, 579 (2d Cir. 2011) (referencing the nickname "Crime" "was neither so unreasonable nor so prejudicial."); <u>Strauss v. Microsoft Corp.</u>, No. 91-CV-5928, 1995 WL 326492, at *4-5 (S.D.N.Y. June 1, 1995) (finding an employee's reference to himself as "resident of the Amateur Gynecology Club" was not unduly prejudicial under Rule 403 in a workplace discrimination case because "such prejudice is directly associated with the probative value of the evidence.").

The government does not intend to use the defendant's self-description "in ways calculated to intensify the prejudice." United States v. Farmer, 583 F.3d 131, 135 (2nd Cir.2009). As a preliminary matter, the risk of prejudice in this case is far less than the risk of prejudice in Farmer, since this case does not involve "a defendant charged with a crime of violence identified before a jury by a nickname that bespeaks guilt, violence, or depravity"— like "Murder"—where "the potential for prejudice is obvious." Id. Moreover, the government intends to use the defendant's self-description within the "scope of its proper admission"—that is, to argue that the defendant in fact committed the crimes charged and had the requisite intent when doing so, and not to argue that the defendant had bad character (or a propensity for committing fraud) and acted in accordance therewith. Id.

To the extent that there remains any concern that GX 1677TE could be misinterpreted as propensity evidence, that concern can be assuaged with a limiting instruction that makes clear to the jury that the evidence is being offered as proof of the crimes charged and not as evidence of character or propensity.

        Respectfully submitted,

        MARK J. LESKO
        Acting United States Attorney

By:    /s/ Saritha Komatireddy
        Saritha Komatireddy
        Artie McConnell
        Alexander F. Mindlin
        Assistant U.S. Attorneys
        (718) 254-7000

cc:    Clerk of the Court (EK) (via ECF)
       All counsel of record (via ECF)