# ZMO Law PLLC

May 14, 2021

*Via ECF and email*

Saritha Komitareddy, Esq.
Artie McConnell, Esq.
Alexander Mindlin, Esq.
271 Cadman Plaza East
Brooklyn, NY 11201

Re: *U.S. v. Aleksandr Zhukov*, 18 Cr. 633 (EK)

Dear Counsel:

This office represents Aleksandr Zhukov in the above-captioned case, which is currently on trial before the Hon. Eric Komitee. I write to re-iterate, formalize, and memorialize discovery requests I made to you previously via email. If I do not receive a prompt response to this letter, I will be constrained to seek orders to compel or so-ordered subpoenas on the outstanding issues. The authority for these requests is Fed. R. Crim. P 16, 18 U.S.C. § 3500, and the Due Process Clause of the Fifth Amendment as interpreted by *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.

*First*, on May 13, 2021 the defense emailed the government to inquire whether it intended to offer in evidence GX 1304, which includes data from AdKarma apparently generated by a government witness named Kristin Townsend. It is our position that GX 1304, which shows that AdKarma—identifed by the government as a victim—in fact profited from its relationship with Mr. Zhukov, is materially exculpatory and, if not admitted, was not turned over in time for effective use at trial. If you are not planning to call Ms. Townsend, please let us know if you will make her available to the defense and, if not, please provide full contact information so that we can seek a subpoena. Our emails regarding this request are attached hereto as Exhibit A. The government failed to respond.

*Second*, as discussed in the same email, government trial witness Ron Nielsen testified under oath that he provided the government with contracts between Media122 and both its supply and demand partners. A review of our files reveals that the government has not turned over these contracts. On May 12, 2021, Mr. McConnell advised me that he did not

260 Madison Avenue, 17th Floor • New York, NY 10016
(212) 685-0999 • zach@zmolaw.com
www.zmolaw.com

Law Office of Zachary Margulis-Ohnuma

believe the government has these contracts. Please confirm whether or not Mr. Nielsen turned the contracts over to the government and, if he did, immediately transmit copies to us. If he did not, we would ask for a stipulation or other appropriate remedy to correct the record and let the jury know that Mr. Nielsen offered false testimony. If you won't agree to such a remedy, please consider this a *Touhy* request for testimony from an appropriate member of the government team with knowledge of Mr. Nielsen's disclosures.

*Third*, we requested during Sergei Denisoff's testimony that the government provide information about any and all benefits received by Mr. Denisoff from the government. If there were any additional benefits provided besides those that were elicited during Mr. Denisoff's testimony (including, but not limited to, bail considerations, money, travel benefits, or any other benefit) please provide details immediately. Also, please ensure that all communications between the government and either Mr. Denisoff himself or anyone working on his behalf (including an attorney) have been provided. In particular, Mr. Denisoff testified that he self-surrendered in New York, but no communications regarding his surrender have been disclosed. A copy of our May 11, 2021 email request regarding prior statements by Denisoff and benefits provided to him is attached hereto as Exhibit B. The government failed to respond.

*Fourth*, on May 6, 2021, after trial was already underway, we requested additional emails between trial witness Dimitris Theodorakis and Agent Evelina Aslanyan, which appear to be present based on the formatting of 3500-DT-5. We asked that you either forward those emails or confirm that none exist. A copy or our email request is attached hereto as Exhibit C. The government failed to respond.

Thank you for your anticipated response.

Very truly yours,

*Zachary Margulis-Ohnuma*

Zachary Margulis-Ohnuma

CC:   Hon. Eric Komitee (via ECF only)