# ZMO Law PLLC

May 20, 2021

*Via ECF and E-mail*

Hon. Eric Komitee
Eastern District of New York
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    RE: *U.S. v. Aleksandr Zhukov*, 18 Cr. 633

Dear Judge Komitee:

    This office represents Aleksandr Zhukov in the above-captioned matter which is currently on trial. The government has stated that it expects to rest its case today, In reliance on this expectation, we have identified 47 documentary exhibits that we wish to offer to meet the government's evidence. We write to summarize these exhibits and set forth the basis for their admission.

    The exhibits come from two sources. First, defense Exhibits E1-E6 are screenshots of a website called "capitalist.net" taken from Internet Archive in January and February 2016, respectively. Defense paralegal Sophia Lattanzio will testify that the exhibits are fair and accurate depictions of what she saw on the Internet Archive for the website Capitalist.net. Government witnesses testified about the internet archive and how it uses an automated process to collect and archive websites. The government offered into evidence, without defense objection, similar images of old webpages stored in the Internet Archive. Evidence has already been admitted that Mr. Zhukov used the Capitalist.net service and we expect him to testify that he did use the service that defense exhibits E1-E6 are fair and accurate depictions of theCcapitalist.net website, and that capitalist.net provided the bank account information for Ksandria and Must Trade as part of their services. The information on the website is not offered for its truth, but to show its impact on Mr. Zhukov as a user of what he believes was a legitimate financial service.

    The rest of the defense exhibits are chats involving Mr. Zhukov that were disclosed to the defense in discovery. Ms. Lattanzio will testify that the particular exhibits are fair and accurate extractions of chats turned over by the government. In general, these chats show that Mr. Zhukov operated his business openly and that he freely informed potential customers that his traffic was bot traffic. Thus, these chats are not offered for their truth, but to show Mr. Zhukov's state of mind and his lack of intent to defraud.

260 Madison Avenue, 17th Floor • New York, NY 10016
(212) 685-0999 • info@zmolaw.com
www.zmolaw.com

ZMO Law PLLC

The chats are essential to meet the government's evidence. In opening statements, Mr. Mindlin stated, "[t]he Defendant, that man (indicating), Aleksandr Zhukov, promised companies that he would put their app on websites where real people would see them. That was a lie." Tr. at 45. These chats directly contradict that assertion by the government—which we now know was just metaphorical or derivative since there is no evidence that Mr. Zhukov had any contact with any advertiser. The defense exhibits all show that Mr. Zhukov did not promise his customers that "real people" would see ads on websites, but rather openly sold his traffic as bot traffic. Whether or not Mr. Zhukov was truthful with his customers is the core question for the jury to determine.

Thus for the statements Mr. Zhukov made to his customers and potential customers, the probative value lies not in the truth of the statements, but rather in the fact that Mr. Zhukov made the statements. We do not seek to prove Mr. Zhukov sold bots, we seek to prove Mr. Zhukov *told his customers* that he sold bots.

Such statements are not hearsay under the definition provided in Fed. R. Evid. 801(c). Under the Federal Rules of Evidence, "[i]f the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay.'" Advisory Committee Note to Fed. R. Evid. 801(c). Statements are non-hearsay when they are offered as circumstantial evidence of a person's state of mind. *See U.S. v. Kohan*, 806 F.2d 18, 21–22 (2d Cir.1986) (reversing conviction where statements of third party to defendant about source of checks was not hearsay because they were offered not to prove the truth of the statements but rather that defendant believed them and was not aware checks were stolen); *see also*, *U.S. v. DiMaria*, 727 F.2d 265, 270 f.n. 4 (2d Cir.1984); *U.S. v. Press*, 336 F.2d 1003, 1011 (2d Cir.1965) ('statements inadmissible to prove the truth of the matter they assert may be admitted if the fact of the assertion is in itself relevant.'); 4 Weinstein's Evidence ¶ 801(c)[01]." *U.S. v. Cardascia*, 951 F.2d 474, 486–87 (2d Cir. 1991).

Nothing we offer remotely approaches the risk of misuse in *Kohan*, where the hearsay statement also happened to be probative the defendant's innocence—that the checks were indeed not stolen—but was inadmissible for that point. Here the assertions in the chats generally support the core of the government's case: that Mr. Zhukov was selling bot traffic. Accordingly, the single case the government cited in its letter last night, *U.S. v. Annabi*, 2012 WL 489111 (S.D.N.Y. 2012), where the defendant sought to admit statements of his own intentions in order to prove those intentions, is inapposite. *See* ECF No. 344.

The chart below briefly summarizes the chats the defense seeks to admit, quotes some of the key statements within the chats, and sets forth in brief the basis for their admission.

5/20/21
Page 2

ZMO Law PLLC

| Exhibits | Description | Basis of Admission |
|---|---|---|
| AA<br>AA-E | Chat between Joel Kuznetsky and Mr. Zhukov in which Mr. Zhukov asked "what instrument" Mr. Kuznetsky used to distinguish "bot/human" and stated that Mr. Kuznetsky may "say NO !" as the traffic is not human | Shows Mr. Zhukov's state of mind and practice of openly discussing that his traffic is not human with customers |
| B<br>B-E | Chat between Mr. Zhukov and tomas.adpromoter. Within minutes of first speaking to this new potential customer, Mr. Zhukov stated, "we have premium bot traffic" | Shows Mr. Zhukov's state of mind and general practice of openly discussing that his traffic is bot traffic with customers |
| BB<br>BB-E | Chat between Mr. Zhukov and Ana Murillo - Mr. Zhukov stated he has "users" in quotes that "cannot buy anything" with a smiley face | Shows Mr. Zhukov's state of mind and general practice of openly discussing that his traffic is bot traffic with customers |
| C<br>C-E | Chat between Mr. Zhukov and Jessie.tao4. Jessie.tao4 asked Mr. Zhukov, "Hello, do you have mobile and display traffic for sale?" and Mr. Zhukov replied, "bot traffic only." | Shows Mr. Zhukov's state of mind and general practice of openly discussing that his traffic is bot traffic with customers |
| CC<br>CC-E | Chat between Mr. Zhukov and Diana Philip in which Mr. Zhukov stated, "We have a lot bot traffic. Ias safe" | Shows Mr. Zhukov's state of mind and general practice of openly discussing that his traffic is bot traffic with customers |

ZMO Law PLLC

| Exhibits | Description | Basis of Admission |
|---|---|---|
| D<br>D-E | Chat between Victor Ahumada and Mr. Zhukov in which a third participant is added. Mr. Zhukov explained to Mr. Ahumada that he thought Mr. Ahumada knew the traffic was bots, and then introduced him to a third party who sells human traffic. | Shows Mr. Zhukov's state of mind and general practice of openly discussing that his traffic is bot traffic with customers. In addition, the government entered into evidence misleading portions of chats with Mr. Ahumada that took place before and after this chat, which clarifies what Mr. Ahumada was in fact told during the chats the government moved into evidence. |
| DD<br>DD-E | Chat between Mr. Zhukov and Ashima Shukla, where Mr. Zhukov explained that he has, "high quality bots" | Shows Mr. Zhukov's state of mind and general practice of openly discussing that his traffic is bot traffic with customers |
| EE<br>EE-E | Chat between Mr. Zhukov and Gaurav Mahimkar in which Mr. Zhukov stated that he has "high quality bots" | Shows Mr. Zhukov's state of mind and general practice of openly discussing that his traffic is bot traffic with customers |

ZMO Law PLLC

| Exhibits | Description | Basis of Admission |
|---|---|---|
| F<br>F-E1<br>F-E2<br>F-E3<br>F-E4 | GX F is the entire skype conversation between Mr. Zhukov and Alex Bornyakov, the co-founder of Vertamedia. The four F-E exhibits are formatted subsets of GX F. This chat shows Mr. Borynakov was aware the traffic purchased by Vertamedia from Zhukov was bots and shows that Mr. Borynakov requested that Mr. Zhukov create more companies to facilitate Vertamedia payments to Mr. Zhukov for bot traffic. | Shows Mr. Zhukov's state of mind and general practice of openly discussing that his traffic is bot traffic with customers, including Vertamedia, which was by far his largest customer. Also shows that Mr. Zhukov was willing to use skype to talk to his largest customer despite a discussion with him about whether Telegram would be better, countering the government's suggestion that Mr. Zhukov used Telegram to avoid law enforcement. In addition, this chat provides a non-hearsay explanation for the use of multiple companies to receive payments from Vertamedia inconsistent with the money laundering charge |
| FF<br>FF-E | Chat between Mr. Zhukov and Eitan Kalantar in which Mr. Zhukov stated, "We have perfect "users" ))" and that the "users" "do not buy anything." | Shows Mr. Zhukov's state of mind and general practice of openly discussing that his traffic is bot traffic with customers |
| II<br>II-E | Chats between Mr. Zhukov and Techcare in which Mr. Zhukov stated, "Sorry our traffic you will not like. Cause conversion will be zero" and "We are not real users" | Shows Mr. Zhukov's state of mind and general practice of openly discussing that his traffic is bot traffic with customers |
| JJ<br>JJ-E | Chat between Mr. Zulov and Vismay.vertoz, in which Mr. Zhukov asked, "What instruments you use to split traffic on bots/human?" and stated, "We are not good with forensiq". | Shows Mr. Zhukov's state of mind and general practice of openly discussing that his traffic is bot traffic with customers |

ZMO Law PLLC

| Exhibits | Description | Basis of Admission |
|---|---|---|
| M<br>N<br>O<br>ME<br>NE<br>OE | Portions of conversations with Alex Gubarev at Webzilla | Not offered for its truth but to show Mr. Zhukov's state of mind and general practice of openly discussing his business model, in this case with the partner of government witness Konstantin Bezruchenko who testified his understanding of how Mr. Zhukov was using the Webzilla servers was not clear |
| V<br>V-E | Chat between Mr. Zhukov and tarmo adkash in which Mr. Zhukov stated, "we have perfect bots actually which pass all known filters" | Shows Mr. Zhukov's state of mind and general practice of openly discussing that his traffic is bot traffic with customers |
| X<br>X-E | Chat between Mr. Zhukov and geoffreystaft in which Mr. Zhukov discussed controlling the number of clicks per IP, stated he did not have premium traffic, and geoffreystaft stated he had a customer interested in traffic to increase his ranking on Alexa. | Shows Mr. Zhukov's state of mind and general practice of openly discussing that his traffic is bot traffic with customers. Also shows that Mr. Zhukov had been told by at least one individual that there was a market for advertisers who wanted clicks in order to increase their ranking on Alexa, which informed Mr. Zhukov's understanding as to why an advertiser might wish to buy bot traffic |
| Y<br>Y-E | Chat between Mr. Zhukov and Sergio Estrada in which Mr. Zhukov stated, "we do bots ))" | Shows Mr. Zhukov's state of mind and general practice of openly discussing that his traffic is bot traffic with customers |

5/20/21
Page 6

ZMO Law PLLC

| Exhibits | Description | Basis of Admission |
|---|---|---|
| Z<br>Z-E | Chat between Mr. Zhukov and testerm chat in which Mr. Zhukov stated, "but u understand that our traffic is not the real humans ? We pass all filters but we do not have real surfers" | Shows Mr. Zhukov's state of mind and general practice of openly discussing that his traffic is bot traffic with customers |

### *Conclusion*

For the reasons set forth above, defendant's request to move the above-described items into evidence should be granted once a foundation is laid through Ms. Lattanzio's anticipated testimony.

Very truly yours,

ZMO Law PLLC

By: *Zachary Margulis-Ohnuma*

Zachary Margulis-Ohnuma

CC: All Counsel (via email and ECF)