

U.S. Department of Justice

United States Attorney
Eastern District of New York

SK/JAM/AFM
F. #2016R02228

271 Cadman Plaza East
Brooklyn, New York 11201

May 22, 2021

By ECF

The Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    United States v. Aleksandr Zhukov et al.
                Criminal Docket No. 18-633 (S-1) (EK)

Dear Judge Komitee:

      The government writes in response to the Court's request that it submit a venue charge. The government requests the instruction below, which reflects recent developments in the law of venue.

      As a starting point, all of the charged crimes are "continuing offenses" within the meaning of 18 U.S.C. § 3237(a), which provides that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

      Further, the Eastern District of New York includes all of the waters around the island of Manhattan. See 28 U.S.C. § 112(c) (Eastern District includes "the counties of Kings, Nassau, Queens, Richmond, and Suffolk and concurrently with the Southern District, the waters within the counties of Bronx and New York."). Acts that occur under or above those waters establish venue in the Eastern District. See United States v. Kirk Tang Yuk, 885 F.3d 57, 71-72 (2d Cir. 2018) (conspirator's trip over the Verrazzano Bridge passed over concurrent waters of Southern and Eastern Districts of New York and supported venue in the Southern District of New York); United States v. Duque, 123 F. App'x 447, 449 (2d Cir. 2005) (flight from Queens passing over the concurrent waters of the Eastern and Southern Districts of New York sufficient to support venue in the Southern District of New York).

      With respect to the sufficiency of an electronic wire to constitute venue, it is well-established that an electronic wire originating from or terminating in the district where charges are brought can establish venue there. See, e.g., United States v. Kim, 246 F.3d 186, 193 (2d

Cir. 2001) (holding that "wire communications to and from [the prosecuting district] were essential to the continuing offense of causing fraudulent wires to be transmitted" and therefore conferred venue in the prosecuting district); United States v. Abdallah, 528 F. App'x 79 (2d Cir. 2013). For continuing offenses like those charged here, venue is also properly laid in districts that the wire or signal passes through—even when it does not originate or terminate there.

Applying these principles, the Second Circuit held in United States v. Rutigliano that the transmission of an electronic signal through or over the concurrent waters of the Eastern and Southern Districts sufficed to establish venue there for a wire fraud prosecution. See United States v. Rutigliano, 790 F.3d 389, 397 (2d Cir. 2015) ("As to the wire fraud convictions, the government proved that unlawfully obtained disability benefits, wired to participants in the scheme, traveled through or over waters within the Eastern District, which are statutorily defined to also be part of the Southern District.").

Accordingly, the government requests the following charge:

> Venue need only be proven by a preponderance of the evidence, that is, simply that it is more likely than not. The Eastern District of New York ("EDNY") is comprised of Kings (Brooklyn), Queens, Richmond (Staten Island), Nassau and Suffolk counties. In addition, the EDNY includes the waters surrounding these counties and the counties of Manhattan and the Bronx, as well as the air space above the district. Travel over or through the district or waters, or the passage of a wire over or through the district or waters, is sufficient to establish venue in the EDNY.

Respectfully submitted,

MARK J. LESKO
Acting United States Attorney

By:  /s/ Saritha Komatireddy
Saritha Komatireddy
Artie McConnell
Alexander Mindlin
Assistant U.S. Attorney
(718) 254-7000

cc:   Zachary Margulis-Ohnuma, Esq. (by ECF)