

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SK/JAM/AFM  
F. #2016R02228

*271 Cadman Plaza East*  
*Brooklyn, New York 11201*

May 19, 2021

By ECF

The Honorable Eric R. Komitee  
United States District Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

      Re: United States v. Aleksandr Zhukov et al.  
           Criminal Docket No. 18-633 (S-1) (EK)

Dear Judge Komitee:

      The government writes to preview for the Court and the parties its rebuttal case, and to renew its motion to introduce Government Exhibit ("GX") 684E into evidence.

      A.   The Government's Rebuttal Case

      The government's rebuttal case will be brief. The government intends to move into evidence GX 2103T and 2200, which are now uploaded to USAFX. GX 2103, the Russian document underlying GX 2103T, was admitted on Friday during cross-examination of the defendant (at which time GX 2103T was shown to the defendant and counsel). The original text in GX 2200 is from the defendant's Skype logs, which have formed the basis for both government and defense exhibits at trial. Boris Viknyanskiy will testify as to the accuracy of the translations in both GX 2103T and GX 2200.

      B.   Government Exhibit 684E

      The government renews its motion to introduce Government Exhibit 684E. See ECF No. 136. As the Court will recall, GX 684E is a chat between the defendant and another individual about scraping betting odds data from the internet. The defendant tells his interlocutor, "we steal data bro." In response, the defendant's interlocutor asks, "[W]hat if the one who is being robbed will find out?" The defendant responds, "we steal it for 2 years already [] and steal by farm of bots[.] it is our own solution[.] it is private info ) only you and me know about that."

The Court excluded GX 684 and 684E on May 18, 2021. The Court's ruling was as follows:

> I don't know when we're getting to 684. This is the "We steal data, bro," chat talking about sports statistics. The Government says they want to admit it, A, to show the knowledge and preparation to carry out the charged scheme. And B, that he knows that using bots to impersonate human users at scale was wrong and criminal. So I am going to exclude 684 on the basis that I don't think the defendant is disputing that he had the knowledge and the preparation abilities to create a bot, right, he's all but conceded that here. And as to his knowledge that using bots to impersonate human users at scale is wrong and criminal. I don't think that bots that are engaged in web scraping are actually impersonating human users. And so, I'm going to stand on my prior ruling and 684 is excluded.

Tr. 2085-86. Over the ensuing trial days, the government submits that the defense theory has become clearer, bringing into focus the relevance of this chat to the issues before the jury.

In sum, as the Court has acknowledged, the defendant does not dispute that he created a large-scale bot operation. What he does dispute, hotly, is any knowledge that his bots were being used for wrongful purposes. The defense opened by arguing that the defendant would have been shocked to realize his bots were being used for ad fraud. See Tr. 64 ("If they were reselling it as human traffic, that . . . indeed would be scandalous."). On direct examination of the defendant, counsel repeatedly elicited statements that the defendant believed his bots served innocent purposes. See Tr. 2678 ("[T]he companies who buys bot traffic, they can use it for measuring capacity of the size of their product, of their software"); id. ("Q: Did you have an understanding that your bot traffic could be used to increase the popularity of certain websites? A Yes, exactly."). And on cross-examination, the defendant returned to this theme. See Tr. 2749 ("Q: . . . What was the purpose, in your view, of the Metan browser in online advertising? A: To increase statistics. . . . Of anything. Anything. What you want. Who you want to drive people on your site, use our browser.").

In short, the central element in this case is now willfulness. GX 684E is directly relevant to that element. It discredits the defendant's purported shock at the notion that bots could be used to steal. It does so by demonstrating that in a prior business, the defendant openly acknowledged using bots to "steal" (his words) and "rob" (in the words of his interlocutor). As such, this chat is powerful evidence of a thread of guilty knowledge running through the defendant's business enterprises, as well as preparation for the charged scheme.

While the bots described in 684E may not have been impersonating human internet users, that does not bear on the relevance of this document to the defendant's intent, preparation, and knowledge. The defendant's technical skills may have improved between

2

June 2014 and September 2014, but both schemes involve using bots to steal. Nor does it matter whether scraping data from the web is or is not illegal. What matters is that the defendant *thought* this use of his bots was wrongful.

As such, the government respectfully renews its motion to introduce GX 684E into evidence.

Respectfully submitted,

MARK J. LESKO
Acting United States Attorney

By:   /s/ Saritha Komatireddy
      Saritha Komatireddy
      Artie McConnell
      Alexander Mindlin
      Assistant U.S. Attorney
      (718) 254-7000

cc:   Zachary Margulis-Ohnuma, Esq. (by ECF)